## SUPREME COURT.

NATHANIEL HULBERT, an infant under the age of twenty-one years, by JESSE HULBERT, his guardian, agt. WILLIAM YOUNG.

The Code, by requiring suits *by infants* to be brought and defended *exclusively by guardian*, (§ 115,) has got rid of the name "*prochein ami*," (which was probably its chief object,) but it has not at all changed the law requiring the pleading to show, by proper averments, the due appointment of the guardian by the court or a judge.

That is, a complaint which alleges that " A. B., an infant under the age of 21 years, plaintiff, by C. D., his guardian, complains," &c., is *not sufficient*, because it does not allege how he is guardian, whether specially appointed by the court, or otherwise. This is a *traversable fact*, and must be so stated that it may be traversed. It is a case where there is a legal disability to sue, without the express authority of the court.

Where a complaint is thus defective, a *demurrer* in the language of the Code, " that the plaintiff has not the legal capacity to sue," is sufficient to raise the objection.

*Monroe General Term, Dec.,* 1856.

T. R. STRONG, WELLES *and* E. DARWIN SMITH, *Justices.*

ACTION for an assault and battery.

The complaint commenced as follows : "Nathaniel Hulbert, an infant under the age of 21 years, plaintiff, by Jesse Hulbert, his guardian, complains."

To this complaint defendant demurs—among other causes, for " that it appears from said complaint that the plaintiff had not legal capacity to sue or maintain said action."

The demurrer was sustained at special term, and plaintiff appealed from the order.

H. R. SELDEN, *for plaintiff.*

A. J. WILKIN, *for defendant.*

By the court—E. DARWIN SMITH, Justice. An infant at common law could sue either by a guardian or *prochein ami.* The old cases say, that when he sues or defends by guardian, the guardian must have a warrant ; but if he sues by *prochein ami,* the *prochein ami* need not; but it must appear that both the guardian and *prochein ami* have been admitted by the court, (*Fitzgerald* agt. *Villiers,* 3 *Mod.* 236 ; *Young* agt. *Young, Cro. Cas.* 86 ;) and it must be alleged to have been so in the declaration. (*Cambus* agt. *Walton,* 1 *Levinz,* 224; *Swift* agt. *Nott,* 1 *Sid.* 173; 4 *Rep.* 53, *v* 54, *a.*)

The Code, § 115, provides that in all cases " when an infant is a party, he must appear by guardian, who may be appointed by the court in which the action is prosecuted, or by a judge thereof, or a county judge." The Code, in effect, in no respect changes the law in regard to infants, except that it discards the next friend, and thereby gets rid of his name in Norman French —*prochein ami*—which was probably the chief object in requiring suits by infants to be brought and defended exclusively by a guardian. The necessity to show the due appointment of the guardian by the court or a judge remains as before, and for the same reason, that it is a traversable fact, and must be so stated that it may be traversed.

The case of *Stanley* agt. *Chappell* (8 *Cowen,* 236) is precisely in point. The plaintiff described himself as guardian in the declaration, but a demurrer was sustained because he did

not show "*how he was guardian, or that he was specially appointed by the court.* In the case of *Gillett* agt. *Fairchilds,* (4 *Denio,* 83,) which was an action by a receiver, the averment was that the plaintiff was duly appointed receiver. Judge BRONSON says, "Such an averment is not capable of trial. It consists partly of matter of law, and partly of matter of fact. The plaintiff should have stated what in particular was done, and then the court could determine whether he was duly appointed; or if an issue of fact was tendered, the jury could answer as to the truth of the allegation." Also, in *Beach* agt. *King,* (17 *Wend.* 197,) it was held, that the allegation that the plaintiff was duly appointed an administrator was not sufficient. In the case of *White* agt. *Law,* (7 *Barb.* 206,) the plaintiff was a receiver, and Judge HAND says, that "The plaintiff, when he sues as receiver, should at least state the place of his appointment, and distinctly aver that he had been duly appointed by an order of the court. Alleging that he was duly appointed on such a day is not sufficient."

These authorities, I think, clearly show that the allegation of the appointment of the guardian in this case is not sufficient. There are some cases where a description of the character of the plaintiff, as general as the one used in this complaint, have been held good, but they are cases where a party sued in an official capacity, or by virtue of his office, like the case of *Smith, superintendent, &c.,* agt. *Levirres,* (4 *Seld.* 472,) not cases where, as in this case, there is a legal disability to sue without the *express authority of the court.* In such cases the authority must be averred or shown upon the face of the complaint.

I had some doubt whether the demurrer in this case was sufficiently specific, under § 145 of the Code, to raise the point discussed. It is in the precise language of the Code, subdivision 2, "that the plaintiff has not the legal capacity to sue;" but this point has been expressly decided, sustaining this form of demurrer in such a case, in 8 *Howard,* 177, and in several other cases to which I feel bound to conform.

The judgment of the special term should be affirmed, with $10 costs.