# NEW–YORK COMMON PLEAS.

## LEWIS O. WILSON agt. THE MAYOR, &c. OF NEW-YORK.

A party can only demur, where the ground of the demurrer appears on the face of the complaint. In so demurring, the party must state the ground of demurrer on which he relies, and can only obtain judgment *for the cause stated in the demurrer.*

Wherever the matter of objection does not appear on the face of the complaint, then it may be set up in the answer; and if no such objection (that is, an objection to the jurisdiction which does not appear on the face of the complaint) be taken by demurrer or answer, it shall not be deemed waived.

*General Term, December* 31, 1857.

THIS was an action brought to restrain the collection of a tax, imposed upon the plaintiff, as the owner of personal property in the city of New-York; it being alleged that the plaintiff at the time of the imposition of the tax, was a resident of the state of Connecticut, and had been assessed and taxed for his personal property in such state for the year in question.

The defendants demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action. Judgment was given at the special term for the defendants on the demurrer, and the plaintiff appealed to the general term.

A. F. SMITH, *for plaintiff.*
R. BUSTEED *and* A. R. LAWRENCE, JR., *for defendants.*

By the court—INGRAHAM, First Judge. This case comes before us on an appeal from a judgment at special term, sustaining a demurrer to the complaint.

The ground of demurrer is stated to be, that the complaint does not state facts sufficient to constitute a cause of action; and the judge decided against the plaintiff, upon the ground that the court, as a court of equity, had no jurisdiction.

The ground thus stated, is different from that stated in the demurrer, and the question is submitted to us, whether judgment can be given in favor of a demurrant for a cause different from that which is stated in the demurrer.

The 144th section of the Code specifies six distinct grounds, for either of which a party may demur; and section 145 provides that the demurrer shall distinctly specify the grounds of objection to the complaint. If it do not, it may be disregarded.

I can see no good reason why a demurrant should be allowed to state one cause for demurrer, and succeed on another which he has not stated. The object of the legislature in requiring the demurrer to state the grounds of objection to the complaint, was to give the opposite party notice of the alleged defect, such is the whole system of pleading as it exists under the Code. The complaint and answer are required to contain a plain statement of the cause of action or defence. No form is necessary, and no technicalities are encouraged; and the same system applied to the demurrer, requires that it should plainly state the ground on which the demurrant rests his objection to the pleading. The object of the demurrer is to raise an issue upon the law, as the answer does upon the facts, and upon the trial, the court is confined to that issue. It can never be upheld as an orderly proceeding in a court, while trying an issue of law, to find upon that issue in favor of one party, and to hold that there were other reasons, not involved in the issue, why judgment should be rendered against him.

It has been suggested that by the 148th section, the objection to the jurisdiction of the court, is not to be deemed waived by the omission to set it up in demurrer or answer, but may be taken at any time.

By referring to section 144, it will be seen that a demurrer is only allowed where the ground of objection appears on the face of the pleading. Unless such objection appears in the pleading, it is no ground of demurrer, and the want of jurisdiction or other objection, not appearing in the pleading, must be set up in the answer.

This was held by Judge HARRIS, in *Getty* agt. *Hudson River Railroad Company*, (8 *How.* 183,) where he says: " It is not to be forgotten that a demurrer is only appropriate when the ground of objection appears on the face of the pleading."

By the 147th section, it is provided, that if the matter of objection does not appear on the face of the complaint, it may be set up in the answer; but if not so stated, where the

objection is to the jurisdiction, or the want of stating a good cause of action, the same is not be deemed waived.

Taking these sections together, it is clear that a party can only demur, where the ground of the demurrer appears on the face of the complaint; that in so demurring he must state the ground of demurrer on which he relies, and can only obtain judgment for the cause stated in the demurrer; that wherever the matter of objection does not appear on the face of the complaint, then it may be set up in the answer; and if *no such objection* (that is, an objection to the jurisdiction which does not appear on the face of the complaint) be taken by demurrer or answer, it shall not be deemed waived, &c.

In the present case, the facts are so fully disclosed in the complaint, that the ground upon which the judgment appealed from was rendered, is apparent upon the face of it, and the same does not come within the exception, as stated in the 148th section.

It appears to me, therefore, that it was erroneous to render judgment for the defendant upon this demurrer for the cause stated. This view of the question of practice, renders it unnecessary to examine the question upon the merits.

Judgment reversed, and judgment ordered for plaintiff, upon demurrer, with leave to the defendants to answer, on payment of costs.