# SUPREME COURT.

## DAYTON, receiver, &c., agt. CONNAH.

t is necessary now, under the Code, as it was formerly in an action brought by a *receiver*, to state in the complaint *the time and mode of his appointment*, so that the adverse party may take issue on such facts.

*New - York Special Term, October*, 1859.
DEMURRER to complaint.

INGRAHAM, Justice. The plaintiff in his complaint describes

Dayton agt. Connah.

himself as "having been duly appointed receiver of John W. Crane, and bringing this suit by order of the supreme court."

The defendant demurs, upon the ground that the plaintiff does not show any legal capacity to sue. In *Gillett* agt. *Fairchild* (4 *Denio*, 80), it was held, under the old system, that "it was necessary to allege in proper form that the plaintiff was appointed receiver," &c. Chief Judge BRONSON says: "It is a rule in pleading, that the time and place of every traversable fact should be stated, and it does not appear where the order was made by which the plaintiff was appointed receiver. The averment is, that the plaintiff was duly appointed receiver. Such an averment is not capable of trial. The plaintiff should have stated what in particular was done," &c.

In *Bangs* agt. *McIntosh* (23 *Barbour*, 596), this case was approved as giving the correct rule. In *Hobart* agt. *Frost* (5 *Duer*, 672), Justice DUER held, that the objection taken in this case could only be raised by demurrer as to the legal capacity of the plaintiff to sue.

The same rule was made necessary in *Hulbert* agt. *Young* (13 *Howard*, 413), in reference to a guardianship; and in 7 *Barb.* 206 it was said the plaintiff, when he sues as receiver, should state the place of his appointment, and distinctly that he was duly appointed by an order of the court. Alleging that he was duly appointed on such a day is not sufficient.

The principle of these cases was fully recognized and sustained by DENIO, J., in the court of appeals, in *White* agt. *Joy* (3 *Kern.* 83). He says it will not answer for a receiver merely to describe himself as receiver, or even under the former system to aver that he was duly appointed. He must set out the proceedings so that the court may see that the appointment of the receiver was legal.

From all the cases it appears necessary to state the time and mode of appointment, so that the adverse attorney may take issue on such facts. As no authority is submitted sustaining a contrary view, I conclude there are none.

Judgment for defendant on demurrer, with leave to plaintiff to amend on payment of costs.