## ROBBINS a. WELLS.

*New York Superior Court; General Term, June,* 1863.

PARTIES TO ACTIONS.—CAPACITY TO SUE.—SUPPLEMENTAL COM-
PLAINT.—ACTIONS AGAINST JOINT-STOCK COMPANIES.

Leave to file a supplemental complaint does not establish the plaintiff's right to
sue for the original cause of action.

A supplemental complaint presents a new cause of action, and the court must
examine both actions before they can determine whether the plaintiff has a
good cause of action.

The objection that it appears by the complaint that the plaintiff is a foreign ad-
ministrator, should be taken by demurrer on the ground of want of capacity to
sue; and an omission to demur is a waiver of the objection. This objection
does not go to the sufficiency of the cause of action.

Suits against a partnership or association consisting of seven or more persons,
*must* be brought against the president or treasurer of such association, and the
remedy against their joint property be exhausted, before an action can be
brought against one or more of the individual associates.

Appeal from a judgment had on a dismissal of the complaint
on the trial.

An action was commenced by Charles A. Robbins, of Iowa,
against Henry Wells, John Butterfield, and others, doing busi-
ness under the name of "The American Express Company."
Mr. Robbins having died pending the action, Mary J. Robbins,
his administratrix, under letters of administration issued in
Iowa, obtained leave to revive the suit by filing a supplemental
complaint. Subsequently at the requisition of the defendants
she filed security for the costs. The complaint was against "the
defendants, Henry Wells, John Butterfield, who with others
unknown to plaintiff, do business as expressmen or forwarders
under the name of the American Express Company." The de-
fendants, Wells and Butterfield answered, among other things,
that the trunk was delivered to "The American Express Com-
pany," an association of more than seven persons, of which the
defendants were two.

Upon the trial it appeared that the American Express Company consisted of more than seven shareholders, and that the goods were delivered to the American Express Company.

The defendants moved for a non-suit, and the dismissal of the plaintiff's complaint.

The motion was granted, and plaintiff appealed.

*William R. Martin*, for the appellant.—I. It was not true, in point of fact, that the action was brought in the name of a foreign administratrix. The action was brought by Charles A. Robbins.

II. The defendants waived their objection to the right of plaintiff to sue, by neglecting to appeal from the order giving leave to file a supplemental complaint, by failing to demur (*Code*, § 148), and by not excepting after her bond for costs was filed. The objection was formal and should have been made promptly. (Zabriskie *a.* Smith, 13 *N. Y.*, 322.) And by pleading to the merits they admit the right and character in which the plaintiff sues. (1 *Chitty Plead.*, 671; Carpenter *a.* Whitman, 15 *Johns.*, 208; Flynn *a.* Stoughton, 5 *Barb.*, 115; Schermerhorn *a.* Jenkins, 7 *Johns.*, 373; St. John *a.* Northrop, 23 *Barb.*, 25.)

III. The action is properly brought against the defendants. 1. The receipt, which is the contract on which this action is brought, states that Wells, Butterfield & Co., are express forwarders, and foreign and domestic agents; that they have assumed the name of "American Express Company;" that they are "proprietors" of the business and the company. The contract is made by the "proprietors." There is no proof that the plaintiff had knowledge that they were a joint-stock association. 2. Upon this receipt the action was properly brought against the parties who signed it, Wells, Butterfield & Co.; and could not have been brought against the American Express Company. The plaintiff sues the two proprietors who are named, who with others, unknown to the plaintiff, do business as expressmen or forwarders under the name of the American Express Company. This is describing the defendants as they describe themselves in the contract, and is a good suit against Wells, Butterfield & Co. (Ziele *a.* Campbell, 2 *Johns. Cas.*, 382; *Collyer Partnership*, §§ 713, 839, 840; *Chitty Plead.*,

42, 46.) 3. But if we should have sued the joint-stock association, the American Express Company, then we have substantially complied with the statute. We do name Henry Wells as defendant, doing business under the name of the American Express Company. The statute provides that the association may sue or be sued in the name of its president. (2 *Rev Stat.*, 4 ed., 717, § 121 ; 3 *Ib.*, 5 ed., 777, § 122.) The answer avers that he is president of the association, and the plaintiff is entitled to the admission. The defect in the complaint is thereby aided and cured. The defect is in the statement of the title, and not in the title, and becomes immaterial. (1 *Chitty Plead.*, 671, 681; Bate *a.* Graham, 1 *Kern.*, 237; White *a.* Joy, 3 *Ib.*, 83 ; Ayres *a.* Covill, 18 *Barb.*, 260 ; Brown *a.* Harmon, 21 *Ib.*, 508 ; Clark *a.* Dales, 20 *Ib.*, 42; Stennel *a.* Hogg, 1 *Saund.*, 228, and note.) Under this statute, it is not obligatory to describe a president by his title of office. (East River Bank *a.* Judah, 10 *How. Pr.*, 135.) The express company have not been misled or prejudiced, nor have their substantial rights been affected; for they have answered fully to the merits; and in aid of the complaint, have set out the fact in which it was defective. The only defect is the formal one of omitting the title "*President.*" It is merely a misnomer, and is not pleadable in abatement. (1 *Chitty Plead.*, 245, 246 ; Elliott *a.* Hart, 7 *How. Pr.*, 25.) Under section 176 of the Code, the defect should be disregarded as not affecting the substantial rights of the defendants. Or, as it was done in ignorance, the pleading should be amended under section 175. Section 173 authorizes the court before or after judgment to correct a mistake in the name of a party, or a mistake in any other respect. (Bate *a.* Graham, 11 *N. Y.*, 237; Clark *a.* Dales, 20 *Barb.*, 42; Barnes *a.* Perine, 9 *Ib.*, 202; Fuller *a.* Webster Ins. Co., 12 *How. Pr.*, 293 ; Lighte *a.* Everett Ins. Co., 5 *Bosw.*, 716; Bogart *a.* McDonald, 2 *Johns. Cas.*, 220, note; Catlin *a.* Gunter, 1 *Duer*, 253.) 4. The receipt is ambiguous and equivocal. Under the general heading of "American Express Company," it undertakes and contracts in the name of Wells, Butterfield & Co. ; it limits its liability in the name of the company. It is not equitable to allow the defendants to take advantage of the equivocation in their own receipt, and escape on a technicality from their just liabilities. All ambiguities are construed in

favor of the grantee or promisee. (*Chitty Cont.*, 94, 95 ; Marvin *a.* Stone, 2 *Cow.*, 781 ; *Angell Com. Car.*, § 246.)

*Hooper C. Van Vorst,* for the respondents.—I. The American Express Company is a joint-stock company or association, consisting of seven and more shareholders, and should be sued in the name of the president or treasurer thereof. (*Rev. Stat.,* 5 ed., 777, § 122 and 125.) The stockholders cannot be sued until the remedy against the association has been exhausted by judgment and execution.

II. The plaintiff, a foreign administratrix, not having taken out letters in this State, cannot maintain this action. (Morrell *a.* Dickey, 1 *Johns. Ch.,* 153 ; Doolittle *a.* Lewis, 7 *Ib.,* 45.)

BY THE COURT.*—ROBERTSON, J.—It appears by the case that only one action was tried, one set of pleadings before the court, and one complaint dismissed, and that was in the supplemental action brought by Mrs. Robbins to enable her to succeed to whatever rights her husband had in the original action, and prosecute it to a conclusion. One of the grounds on which such dismissal was asked for was, the legal disability of Mrs. Robbins to prosecute any action. Whatever testimony was admitted on such trial to sustain the original cause of action was therefore immaterial, and may be dismissed from our consideration. The present plaintiff's attorney appears from the complaint to have proceeded upon the erroneous view that the leave granted to file a supplemental complaint necessarily either absorbed the original action in the new one, or established the plaintiff's right to sue, for the same cause of action. The present complaint, except that it alludes to the previous action, would be suitable for an entirely new one. In a supplemental complaint, where the original one alleges the facts on which the action is based, the reiteration of those facts is entirely unnecessary. What was in the original complaint (if any was filed) does not appear, as it is not before us. At all events, it is necessary to try both actions before it can be determined whether there was originally a cause of action.

Clearly, the determination, whether the party filing the sup-

---

* Present, BOSWORTH, Ch. J., ROBERTSON and BARBOUR, JJ.

plemental bill was entitled to succeed to the rights of the original plaintiff, was necessary, before ascertaining whether there was any cause of action, and if she were not so entitled, the court would not undertake to pass upon the original issues in this cause, when the true successor to the plaintiff's rights was not before them to maintain them.

Assuming, then, that the only action tried was the supplemental one, and the only issue in it to be the right of Mrs. Robbins to succeed to her husband's position as plaintiff. I fully concur with the chief-justice in holding that the objection to her right to prosecute, by reason of deriving title under a foreign administration, was waived, as being the second cause of demurrer specified in section 144 of the Code, under section 148. Such objection goes wholly to the right to sue, and not that to receive or discharge the claim. (Doolittle *a.* Lewis, 7 *Johns. Ch.*, 45; Robinson *a.* Crandall, 9 *Wend.*, 425.) They may be sued in this State in their representative capacity for moneys collected by them, including such a claim, Campbell *a.* Tousey (7 *Cow.*, 64), and they may assign their claims so as to give the assignee a right to sue.*

A voluntary payment by the defendants to the plaintiff would have discharged the latter as against all other claimants. The defendants may, therefore, choose to waive the objection as to the right to recover by the plaintiff, and put their defence on the merits. A payment by them after the action was terminated, whether voluntary or involuntary, would bar the action of any other person.

The mere leave to file the supplemental complaint decides nothing as to the plaintiff's rights. The judgment that the plaintiff in it have leave to prosecute the original action, and succeed to all the rights of the first plaintiff, is a different matter. Where the court can see on the face of the supplemental complaint that the former action is fatally defective, it may refuse such judgment. (Candler *a.* Pettit, 1 *Paige*, 168; Day *a.* Potter, 9 *Ib.*, 645.)

I think the provision of the statute of 1853 (ch. 153), amending the statute of 1849, as to joint-stock companies (3 *Rev. Stat.*, 5 ed., 777, 778, §§ 125, 827), is peremptory in requiring suits

---

* See Middlebrook *a.* Merchants' Bank, *Ante,* 109.

against partnerships consisting of more than seven members to be brought against the president or treasurer in order to determine their liability, and the remedy against their joint-property to be exhausted before an action can be brought against the individual associates.

The answer to the supplemental complaint shows that the defendants are members of such a joint-stock association, and, therefore, no action can be maintained against any one but the officers named in the statute. This may be considered as an objection arising under the first or fourth of the causes of demurrer, specified in section 144 of the Code. The court has no jurisdiction of the subject of the action, so as to make the defendants responsible, until after the recovery of judgment and issuing of execution against the officers of the association, and even if the defendants are at all proper parties to the present supplemental action, clearly the officers in question should be added, and in that respect there is a defect of parties.

The dismissal of the supplemental complaint was therefore proper, and should be affirmed, with costs.

On the character of the evidence on the merits I do not undertake to pass.