The case of Robinson v. Chamberlin (34 N.Y. 389), is in point, and decides that the defendant, as contractor *Page 650 
for repairs, upon the facts stated in this complaint, is liable for the injury complained of, and must respond in damages therefor.
This cause of action is assignable. It was decided in the case of McKee v. Judd (2 Kern. 622), that a right of action for the wrongful taking and conversion of personal property was assignable, and that under the Code of Procedure the assignee can recover upon the same in his own name. The case of Waldron v.Willard and others (17 N.Y. 466), holds that a cause of action against a common carrier to recover damages sustained by the plaintiff to his goods shipped upon the defendant's boats, and which were sunk on the Hudson river on their passage up, was assignable. The same is affirmed in the case of Merril v.Grinnell and others (30 N.Y. 594), where the general principle is re-affirmed that a right of action against a common carrier to recover the value of property intrusted to him was assignable.
It is only necessary to state the action against the defendant in this case, to show that it is assignable. The defendant, under his contract with the State to keep this section of the Erie canal in repair and free from obstructions, owed a duty to perform it; and which inured to the benefit of every citizen in the State who might have occasion to use this canal, and the defendant's neglect to remove this obstruction in disregard of the duty which he owed to all who might be concerned in the navigation of the canal, rendered him liable in this action.
The action is, in short, to recover for a loss of property, sustained by the plaintiffs' assignor in consequence of the defendant's negligence in suffering the sunken canal-boat to impede the navigation of the canal and endanger the property of those navigating the canal.
The only remaining question in the case is, whether the defendant, under this demurrer, specifying only ground of objection to the complaint, and which is, that the complaint does not state facts sufficient to constitute a cause of action, can insist on the objection that the plaintiffs are not incorporated and have not capacity to sue. *Page 651 
There are six grounds of demurrer to the complaint allowed by the Code. The first is, "that the court has not jurisdiction ofthe person of the defendant or the subject of the action." The second is, "that the plaintiff has not legal capacity to sue;" and the sixth is, "that the complaint does not state factssufficient to constitute a cause of action." (Code § 144.) The 145th section declares, that the demurrer shall distinctly specify the grounds of objection to the complaint, and that unless it do it may be disregarded.
And section 147 provides, that, whenever any of the matters enumerated in section 144 do not appear on the face of the complaint, the objection may be taken by answer. And then comes in section 148, which declares, that, if no such objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court; and the objection that the complaint does not state facts sufficient to constitute a cause of action. The complaint in this case states a good cause of action in favor of John Van Buren, Jr., against the defendant, and a valid assignment and transfer of that cause of action to the plaintiff; and the omission in the complaint to allege that the plaintiffs are incorporated and have capacity to sue cannot be taken advantage of by the defendant on this demurrer because of his omission to specify this ground of objection to the complaint.
There is no force or meaning to language, or this omission to specify this ground of objection to the complaint, operates as a waiver of the objection. The 144th section recognizes six distinct grounds of demurrer to the complaint, and the 145th section declares that the demurrer shall distinctly specify the grounds to the complaint, and the 148th section declares, that, if no such objection be taken, the defendant shall be deemed to have waived the same except the objection to jurisdiction, and that the complaint does not state facts sufficient to constitute a cause of action. The complaint states a good cause of action, and that the plaintiffs have become the owners of it, by a valid transfer thereof to them, but does omit to allege that the plaintiffs are a corporation *Page 652 
having capacity to sue. This objection must, therefore, be regarded as waived. It is just and reasonable that the rule should be so. If this objection to the complaint is well taken, and the defendant had specified this ground of demurrer, the plaintiff would most probably have amended his complaint and inserted proper averments to show them a corporation having authority to sue. It is a question, to say the least, whether such an allegation in the complaint is necessary, and the statute relieves the plaintiff from proving it, unless the defendant set it up in his answer. (2 R.S. 458, § 3.) The judgment of the Supreme Court must be reversed and judgment given for the plaintiff on the demurrer with leave to the defendant to answer on the payment of the costs of the demurrer in this court and in the Supreme Court.
The language of section 172 seems to confer the power to allow the party to plead over after a demurrer has been overruled to the Supreme Court. Its language is, that "after the decisions of a demurrer either at General or Special Term, the court may, inits discretion, if it appear that the demurrer was interposed ingood faith, allow the party to plead over upon such terms as maybe just." (Code § 172. This demurrer was sustained in the Supreme Court, and consequently that court had no opportunity to exercise their discretion in this case, and it is the duty of this court to give such judgment in this case as that court should have given, and the power of this court to give it on this appeal is not doubted. As an appellate court, our duty is to give such a judgment as the court below ought to have given, and the power of this court to do it is ample and unquestionable. There is sufficient evidence of good faith in the defendant in interposing this demurrer when it is borne in mind that the demurrer in this case was interposed after two decisions in the Supreme court, holding the defendant not liable upon the facts stated in this complaint, and besides, the Supreme Court, both in Special and General Term, sustained this demurrer.
The defendant must have leave to plead over.
All the judges concurring,
Judgment reversed. *Page 653