MARGARET CONROY, Administratrix, etc., *v.* THOMAS GALE.

(GENERAL TERM, THIRD DEPARTMENT, JUNE, 1871.)

The provisions of the act of 1857 (chap. 105, § 1, etc.) placed canal contractors in the position formerly occupied by the superintendents of repairs, and imposed upon them the same liability.

Repairs of canal bridges are placed, by the act of 1867 (chap. 577, § 3), in the same category with other repairs; and the liability of the contractor to individuals, for neglect to keep them in repair, became the same in either case.

The duties of the contractor were not discretionary with him in any such sense as to exonerate him from liability for neglect to repair.

The doctrine laid down in *Adsit* v. *Brady* (4 Hill, 630), as applicable to superintendents, held applicable to the case of a canal contractor.

Conroy v. Gale.

EXCEPTIONS ordered to be first heard at General Term.

The defendant was a contractor to keep in repair section No. 1 of the Erie canal, including a bridge across Canal street, and on Spring street, in the village of West Troy, and the action was for negligence in not keeping said bridge in repair, in consequence of which it broke down and one Michael Conroy was killed. The cause was tried at the Albany circuit in January, 1871, before Hon. W. L. LEARNED, one of the justices of the Supreme Court and a jury.

It appeared upon the trial, that on the 18th day of May, 1871, Michael Conroy was driving across the said bridge a span of horses, drawing a wagon loaded with malt. After the horses had passed over it, the second needle beam from the west end of the bridge broke. The bridge lies east and west across the canal. The team, with the forward wheels of the wagon, passed safely. The remainder of the wagon and load, the said Conroy and one Thurston, were precipitated into the canal, and Conroy was instantly killed. The approach to the bridge was steep; so much so, that teams loaded had to take a running start to get over it.

In June, 1868, the bridge was repaired and tested. The needle beam which gave way was infected with dry rot, and in passing under it no indication of its condition was apparent. The main question submitted to the jury by the judge was, whether there was negligence in not examining the condition of the needle beam from 1868, and the bridge generally, and whether there was negligence in leaving the old needle beam in the bridge.

Upon the plaintiff's resting, defendant's counsel moved for a nonsuit on the grounds:

1st. That there is no liability upon the part of the contractor in an action for damages to an individual under the law, and an action will not lie against him.

2d. That this action cannot be maintained without establishing affirmatively negligence and notice of the defect.

The defendant claiming there was no notice upon the part of the plaintiff to the defendant of any injury or any defect

in the bridge. The motion for a nonsuit was denied and the defendant excepted.

The motion was renewed at the close of the testimony upon the same grounds and denied, to which ruling the defendant also excepted.

Exceptions were also taken to the charge of the judge, and to his refusal to charge that if the defendant acted in good faith, and had no notice of the defect in the bridge from which the accident occurred, then he is not liable; and that the defendant is not liable for omitting the performance of any duty or obligation unknown to him in respect to the bridge or needle beam in question.

The points urged on the argument are discussed or referred to in the opinion. The jury found a verdict in favor of the plaintiff for $3,750.

A bill of exceptions was served and settled, and an order made by the judge that the same be first heard at the General Term, with a stay of proceedings upon the verdict.

*Frank Hiscock*, for the appellant.

*A. J. Parker, Jr.*, for the respondent.

Present—MILLER P. J., POTTER and PARKER, JJ.

By the Court—MILLER, P. J. It is settled that a contractor employed by the State to put the canal in repair is liable to an individual who sustains special damages by reason of the contractor's neglect to perform his duty. (*Robinson* v. *Chamberlain*, 34 N. Y., 389; *Fulton Ins. Co.* v. *Baldwin*, 37 N. Y., 648.) It must also be admitted, I think, and I understand it to be conceded, that if the contractor is liable at all, it is by reason of his occupying the same position as the superintendent of repairs of the canals. The Laws of 1857, chap. 105, § 1, authorized the canal board to let by contract any and all sections of the canals of this State where in their judgment the repairs may be made more economically than

Conroy v. Gale.

by superintendents; and the repairs provided for in the contract were to be made under the direction of the commissioner in charge.  This and subsequent provisions of the same act placed the contractor in the position formerly occupied by the superintendent, and imposed upon him the same liability.

It is contended, however, by the defendant's counsel that the contractor is not liable in an action for damages to an individual; that the superintendents, under the direction of the canal commissioners, are to keep the canals in repair, and, by the Laws of 1857, the contracting board were authorized to let by contract the work formerly done by the superintendents, and the canal bridges never came under the supervision of either of the superintendents, the canal board or the contracting board, but their care and maintenance has been confided to the canal commissioners alone.  As I understand the position of the counsel, the claim made is that canal bridges do not stand in the same category and are not governed by the same rules as other repairs upon the line of the canal, and are not embraced within the contract of the contractor.  By chap. 207, Stat. Laws of 1839, § 1, the canal commissioners are authorized and required to construct and maintain at the public expense road and street bridges over the Erie canal wherever constructed.  (See also Stat. Laws of 1840, chap 372, § 1; Stat. Laws of 1857, chap. 105, § 4.) The State was thus required to maintain canal bridges, and, by the Laws of 1867, chap. 577, § 3, every contract made under that act, and the act of 1857 thereby amended, was held and adjudged to hold and bind the contractor not only to put, but also to keep the section within the contract, with all its bridges and every other matter relating thereto, by all needful reparations, &c., in repair, and so maintain the same during the existence of the contract.  This provision places the *bridges* precisely upon the same footing as any other portion of the work within the contract, and it would therefore appear that they are completely covered by and embraced within its terms.  The State is bound to maintain the bridges, and the

contractor undertakes to do so by his contract. If this construction is correct, then the defendant was liable for damages accruing for his neglect and failure to repair the bridge, as he would be for any other neglect of duty.

In connection with the point last discussed, it is also urged that the question of maintenance is always a question of discretion which cannot be delegated; that the liability of the contractor is measured by that of the canal board, and that in all cases where a discretion is to be exercised by a public officer an action will not lie, against him. I think that none of these positions can be maintained, and that no discretion rests with the contractor which exonerates him from liability when he fails to perform his duty. By the contract it is provided that "the work embraced in this contract shall be performed under the immediate direction of the canal commissioner in charge, and at such times and seasons, at such places in the work, and in such manner as the aforesaid commissioner shall direct." The contractor's duties are specified fully in the contract, and a supervisory care over the work is confided to the commissioner, to guard against negligence, willfulness, or incompetency, and when in his opinion the interests of the State are likely to suffer; but no power is taken away, so far as the performance of the contract is concerned. The contractor stands exactly where the superintendent of repairs did prior to the laws authorizing the letting of the canals by contract, and is equally liable for negligence in the performance of his duties. In *Adsit* v. *Brady* (4 Hill, 630), it was held that a superintendent of repairs on the canal was liable for misfeasance or nonfeasance. That officer acted under the "direction of the canal commissioners" (1 R. S., 236, §§ 100, 101), which in the case cited was held to mean that the superintendent should be under the *general direction* of the commissioners, and should "follow their instructions, if any are given, as to the extent and manner of making repairs, and the mode of discharging his other duties." The principle decided is applicable here, and although the defendant by the terms of the

Conroy *v.* Gale.

contract was under the general direction of the canal commissioners, yet this did not relieve him from the performance of the obligations imposed by the contract. He was bound to keep the canals in repair, and this was not a matter of discretion of a judicial nature, requiring the exercise of qualities of deliberation and judgment, but an imperative duty required by the contract and imposed by the law. In the performance of this duty he acted ministerially, and although bound to exercise a discretion as to the means to be employed, and the time when the repairs were to be done, yet he was not entitled to the immunity of a judicial officer or exempted from liability for an improper discharge of his duty. (*Hicks* v. *Dorn*, 42 N. Y., 47.) The cases cited by the defendant's counsel to sustain the doctrine contended for have no application to a case of the character of the one now presented for our determination.

It may also be remarked, that it is fair to assume that the point now considered was embraced in the contract in *Robinson* v. *Chamberlin* (*supra*).

I think that no notice of the defect to the contractor was necessary. It was his duty to keep the bridge in repair, and if the injury resulted from a failure to perform this obligation, he is responsible for damages. (*Barton* v. *City of Syracuse*, 37 Barb., 292, 293; 36 N. Y., 54, 58; *Wallace* v. *The Mayor*, 18 How., 169.)

Whether the defect was so far concealed as to relieve the defendant from responsibility was a question of fact for the jury. No point is made on the argument by the defendant upon the question of negligence; but if it is to be considered, it is sufficient to say that it was also a matter for the jury to determine.

The discussion had covers all the points urged by the defendant's counsel, and I am of the opinion that there was no error upon the trial, and that a new trial must be denied, and judgment should be ordered for the plaintiff on the verdict, with costs.

PARKER, J., concurs; POTTER, J., dissents.