Clancy *v.* Terhune.

*H. C. Denison,* for the motion.

*H. E. Farnsworth,* opposed.

NOTE.—No appeal was taken.

---

## New York Marine Court.

*Special Term—March,* 1880.

## CORNELIUS CLANCY, PRESIDENT, &c., *against* JOHN H. TERHUNE.

The president or treasurer of any association consisting of seven or
more members may, under the statutes of New York, sue or be sued
on behalf of such association in any of the courts of this State,
whether such members reside or such association transacts its busi-
ness within this or any foreign State.   The *lex fori* governs.

The plaintiff, who is president of the Hoboken
Council No. 99 of the Royal Arcanum, an association
of Hoboken, Hudson county, New Jersey, consisting
of seven or more persons, sues the defendant in trover
for the conversion of a portion of its property.

The defendant demurs to the complaint, and the
question presented is whether such an action can be
maintained by the president of an unincorporated
society, managing its business and affairs in another

State ; in other words, whether our statute, permitting such a form of action, has any application to foreign associations.

*John D. Quincey,* for defendant.

*Arnoux, Ritch & Woodford,* for plaintiff.

McAdam, J.—This being a transitory and not a local action, the mode of procedure to be followed is that allowed by the law of the forum whose jurisdiction is invoked.

The plaintiff, having brought the defendant within the jurisdiction of the court by the personal service of process, was not only permitted, but required, to conform to the laws and practice of the courts of this State, in regard to the form and manner of procedure.

The statute provides that where an association consists of more than seven members the action may be brought in the name of the president (3 *R. S.* 6 ed. p. 762), and this provision has been held to extend the remedy to all associations (Bridenheker *v.* Hoard, 32 *How. Pr.* 289 ; Tibbetts *v.* Blood, 21 *Barb.* 650 ; Corning *v.* Greene, 23 *Ib.* 33 ; De Witt *v.* Chandler, 11 *Abb. Pr.* 459, 470 ; National Bank *v.* Lasher, 1 *Thompson & Cook,* 313 ; Waller *v.* Thomas, 42 *How. Pr.* 346 ; Ebbinghousen *v.* Worth Club, 4 *Abb. New Cas.* 300 ; Allen *v.* Clark, 65 *Barb.* 563 ; National Bank *v.* Van Derwerker, 74 *N. Y.* 234 ; and see 4 *Duer,* 362 ; 18 *Abb. Pr.* 191 ; 55 *Barb.* 437). The statute applies to the remedy and the *lex fori* governs. It is not confined to associations in this State, but applies to all associations who come into court under it. Where the statute provides a remedy, it extends to all persons who use it, unless the act by its terms expressly limits its application. The right to attachments, orders of arrest or other remedies furnished by our statutes has never been denied to non-resident creditors.

These bodies are not corporations, but voluntary associations, who are by statute permitted to sue in the name of their president, and there is no reason to suppose that the legislature intended that this particular mode of procedure should be open to the citizens of this State, while the citizens of other States were to be restricted, in their procedure in the courts of this State, to a form of remedy essentially different.

It follows that the demurrer must be overruled, but with leave to the defendant to withdraw it and answer upon the merits, within six days, on payment of $10 costs.

NOTE.—No appeal was taken.