VAN ZANDT et al. v. VAN ZANDT et al.

(*Supreme Court, Special Term, New York County.* October 17, 1889.)

1. INTERPLEADER—WHEN MAINTAINABLE.
   Where there are two claimants to part of a fund, one who admits that the entire fund is due from him may maintain a bill of interpleader to compel them to ascertain their shares.

2. SAME—TENDER.
   But he must bring the amount admitted to be due into court.

3. DEMURRER—OBJECTIONS WAIVED.
   Where defendants demur on the ground that the complaint does not state a cause of action, they cannot thereafter object to plaintiff's legal capacity to sue.

On demurrer to complaint in an action of interpleader.
*A. Jacobson,* for plaintiffs. *A. C. Fransioli,* for defendants.

LAWRENCE, J. The defendants, having demurred specifically on the ground that the complaint does not state facts sufficient to constitute a cause of action, cannot now raise the question as to the legal capacity of the plaintiff to maintain the action. *Bank* v. *Corbett,* 10 Abb. N. C. 85; *Wilson* v. *Mayor,* 15 How. Pr. 500. I think, also, that the judgment in the action for divorce is suffi-

ciently well pleaded, and that in any event there is nothing on the face of the complaint which shows that the court did not have jurisdiction.

The question then remains whether sufficient facts are stated in the complaint to show a cause of action in the plaintiff for relief in the nature of an interpleader. It appears, or is to be inferred, from the allegations in the complaint, that the former wife of Leopold Van Zandt claims the whole of the rents and profits of the share of said Leopold in the property mentioned in the complaint. It also appears that while Mrs. Sanford, Leopold's grantee, authorizes the plaintiff to deduct from such rents and profits the sums monthly theretofore paid to the wife and children by his (Leopold's) direction, she does not authorize, but inferentially forbids, him to pay the sums claimed to be due by the wife under the judgment. The rule is that an action for interpleader will not lie where there is a dispute as to the amount due from the plaintiff. That rule cannot be invoked in this case, because the plaintiff admits that the whole amount of Leopold's share of the rents and profits is due from him, but he avers that he cannot safely pay the whole of such rents and profits to either of the claimants. Where there are several claimants to parts of the fund, a bill of interpleader will lie to compel the parties to ascertain their shares and settle their priorities. *Aldridge* v. *Thompson*, 2 Brown, Ch. 149, 150; *Angell* v. *Hadden*, 15 Ves. 244, 16 Ves. 203; *Duke of Bolton* v. *Williams*, 4 Brown, Ch. 297; 2 Story, Eq. Jur. (13th Ed.) 142, 143. The case of *Railroad Co.* v. *Arthur*, 90 N. Y. 234, which is cited by the defendant's counsel, I do not regard as in point. There it was held, as already stated, that the amount due from a plaintiff cannot be the subject of controversy in an action of interpleader, and that the action can only be maintained where the plaintiff admits liability for the full amount claimed to one or other of the claimants. In that case the plaintiff had purchased goods of one of the defendants at an agreed price, but claimed to be entitled to deduct from that price a certain sum for transportation. This claim the vendee disputed, and the court held that the action could not be maintained. Here the plaintiff does not dispute the amount due. He admits that he owes it to one or the other of the defendants, and is unable to determine which. Mrs. Sanford does not, it is true, claim anything but the excess of the rents and profits over and above the sums which have heretofore been paid under the direction of Leopold. But it is clear that she claims adversely to the former wife as to the whole of that excess. It would appear to be unjust to compel the plaintiff to determine between these rival claimants as to that excess. If the complaint is indefinite and uncertain as to the amount claimed by Mrs. Van Zandt, the remedy seems not to be by demurrer, but by motion.

But there is one fatal defect to the complaint, and that is that the plaintiff does not offer to bring the amount of the rents and profits into court. This is essential. *Atkinson* v. *Manks*, 1 Cow. 704; *Shaw* v. *Coster*, 8 Paige, 339–344; *Dungey* v. *Angove*, 3 Brown, Ch. 36; *Metcalf* v. *Hervey*, 1 Ves. Sr. 248; 2 Rum. Pr. 238; *Vosburgh* v. *Huntington*, 15 Abb. Pr. 254; 2 Story, Eq. Jur. (13th Ed.) 141. For this defect, there must be judgment for the defendants on the demurrer, with leave to the plaintiffs to amend on payment of costs.