## VARNUM v. TAYLOR.

*(Supreme Court, General Term, Fifth Department. April 16, 1891.)*

1. ACTION BY ADMINISTRATOR—RIGHT TO SUE.
   The business of a testator was continued by his executors under a power contained in the will, and with the approval of the surrogate's court. On the resignation of the executors, and the appointment of an administrator with the will annexed, the acting executor assigned to the administrator a claim due to the estate from defendant, arising out of dealings in such business. *Held,* that the administrator could maintain an action against defendant thereon.

2. SAME—FAILURE TO OBJECT—WAIVER.
   The objection that an administrator with the will annexed cannot maintain an action on a claim accruing to the executor whom he succeeded, if not taken by demurrer or answer, is waived, under Code Civil Proc. N. Y. §§ 488, 499, providing

that defendant may demur where it appears upon the face of the complaint that the plaintiff has not legal capacity to sue, and that if such objection is not taken either by demurrer or answer defendant is deemed to have waived it.[1]

Appeal from Monroe county court.

Action by Jonas P. Varnum, administrator with the will annexed of Charles J. Hayden, deceased, against James W. Taylor. Plaintiff appeals from a judgment for defendant entered on the dismissal of the complaint at the trial. For former report, see 7 N. Y. Supp. 313.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Howard L. Osgood,* for appellant.     *W. Henry Davis,* for respondent.

MACOMBER, J.   The plaintiff, who is the administrator with the will annexed of Charles J. Hayden, deceased, brings this action to recover a balance due the estate which he represents, arising out of dealings of the executors appointed by the will.   One of the executors, Charles A. Hayden, was empowered by his associates to manage the business which had previously been conducted by the testator, and which, by the terms of the will, the executors were authorized to continue, in their discretion, after the decease of the testator.   The indebtedness of the defendant was incurred between the 20th and 30th of August, 1888, being for merchandise of the estate, manufactured and sold by the acting executor, amounting in all to the sum of $347.50.   Subsequently, and on the 14th day of September of that year, the executors were permitted to resign their trust, and this plaintiff was appointed by the surrogate of Monroe county in their place as administrator with the will annexed. On the 27th day of November, 1889, Charles A. Hayden, under whose management the estate had been previously administered, assigned to the plaintiff, as administrator with the will annexed, the claim in action, upon which it was shown at the trial there was unpaid, at the time the action was begun, the sum of $232.50; there having been previously paid by the defendant to Charles A. Hayden the sums of $100 and $15, respectively.   Upon the trial the special county judge, at the close of the evidence, nonsuited the plaintiff, upon the ground, as stated in the case, that the plaintiff, as the administrator with the will annexed of Charles J. Hayden, was not the real party in interest.   This direction of the court was erroneous.   Under the allegations and the proofs, the defendant was indebted to the estate represented by the executors of the decedent, which indebtedness was incurred under lawful power contained in the will, by which the business theretofore carried on by the testator might be continued by the executors in their representative capacity. By reason of such authorization in the will, followed, as it was, by the approval of the surrogate's court, the indebtedness which the defendant incurred was owing to the executors in their representative capacity, and an action might be maintained therefor by them or their successor.   But there is another reason why this judgment should be reversed, and that is that the objection to the maintenance of this action by the plaintiff was not taken by the defendant either by demurrer or by answer.   All of the facts disclosing any objection which might be taken to the capacity of the plaintiff to sue appeared in the complaint, and if it was intended to raise the objection that the plaintiff, as the administrator with the will annexed, could not maintain the action, it was incumbent upon the defendant to demur to the complaint; or, if it was deemed doubtful whether the facts were all disclosed in the complaint, to allege in his answer that the plaintiff had not legal capacity to sue.   The failure either to demur or to answer precluded the defendant from raising the question at the trial.   Section 488 of the Code of Civil Procedure provides that the defendant may demur where it appears upon the face of the complaint that the plaintiff has not legal capacity to sue.   By section 499 of that

---

[1] See note at end of case.

Code, if such objection is not taken, either by demurrer or answer, the defendant is deemed to have waived it. This is distinctly so decided in the case of *Nanz* v. *Oakley*, 122 N. Y. 631, 25 N. E. Rep. 263. This principle is in accordance, also, with the case of *Wright* v. *Wright*, 54 N. Y. 437, where it is held that the objection to the ability of the plaintiff to bring suit in the form adopted is in the nature of a dilatory plea, and, to be made available, it must be strictly pleaded. The judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

### NOTE.

DEMURRER FOR WANT OF CAPACITY TO SUE—FORM. It was held in Getty v. Railroad Co., 8 How. Pr. 177, and in Hulbert v. Young, 13 How. Pr. 413, that a demurrer on this ground is sufficient, if it follow the words of the statute.

—— WAIVER. While, in an action by an administrator, allegations that "letters of administration were duly issued and granted unto plaintiff, who is in fact alone entitled" to administer the estate of the intestate, are not sufficient to show his appointment, and render the complaint demurrable as failing to show legal capacity to sue, the objection cannot be taken by a demurrer on the ground that the complaint fails to state facts constituting a cause of action, and it is waived thereby. Secor v. Pendleton, 47 Hun, 281. This latter form of demurrer waives the objection that plaintiff is a foreign administrator, Robbins v. Wells, 18 Abb. Pr. 191; the objection that plaintiff corporation is not incorporated, Insurance Co. v. Baldwin, 37 N. Y. 648; Bank v. Edwards, 11 How. Pr. 216; and that a receiver in proceedings supplementary to execution, who sues in that capacity, was appointed by a judge who had no authority to make the appointment. Viburt v. Frost, 3 Abb. Pr. 119; Hobart v. Frost, 5 Duer, 672. And it is held generally, in People v. Crooks, 53 N. Y. 648, and Van Zandt v. Van Zandt, 7 N. Y. Supp. 706, that a demurrer on the ground that the complaint fails to state a cause of action, is a waiver of objection to plaintiff's capacity to sue.

But where a banker sues under the name of a certain bank, under which name, importing a corporate character, he does business, there is no defect apparent on the face of the complaint that renders it demurrable on the ground that plaintiff lacks legal capacity to sue, and hence failure to demur is not a waiver of objection to the misnomer. Bank v. Magee, 20 N. Y. 355.

—— WHAT DEMURRABLE—CORPORATIONS. In an action by a bank the failure to allege that plaintiff is incorporated does not render the complaint demurrable, as it merely fails to show legal capacity to sue, while the Code requires that it should appear on the face of the complaint that there is no capacity to sue, Bank v. Donnell, 40 N. Y. 410; and the same rule is applicable to the reply, Stoddard v. Onondaga Annual Conference, 12 Barb. 573. In Insurance Co. v. Osgood, 1 Duer, 707, it was held that such a demurrer for failure to allege plaintiff's incorporation was frivolous; and a demurrer to the complaint of a foreign corporation is likewise frivolous where the complaint alleges that plaintiff is a corporation duly incorporated under the laws of New Jersey. Manufacturing Co. v. Campbell, 13 Abb. Pr. 56.

—— GUARDIANS. A complaint alleging that the infant plaintiff sues "by A. B., his guardian," is insufficient as failing to allege how he is guardian, and the objection may be raised by a demurrer on the ground that plaintiff has not legal capacity to sue. Hulbert v. Young, 13 How. Pr. 413. Where the complaint in ejectment shows that plaintiff is an infant, and sues by a guardian *ad litem*, it is demurrable on the same ground, for such an action must be brought by the guardian in socage or the general guardian. Seaton v. Davis, 1 Thomp. & C. 91; Bartholomew v. Lyon, 67 Barb. 86. But in the latter case it was held that, where the widow of the infant's father unites with them in the action, she will be presumed to be their mother, and so capable of maintaining the action as guardian in socage.

—— EXECUTORS. Though plaintiffs in the title of the action describe themselves as executors, a demurrer on the ground that they have no legal capacity to sue, because it does not appear from the complaint that they have any authority to represent the estate of their testator, or that there is any such estate, is frivolous, where the complaint sets forth a good cause of action in plaintiff's favor in their own right. The circumstance that they did so describe themselves does not in any manner change the effect of the facts alleged. That is merely a description of their persons, and, in view of the facts stated, it does not warrant the conclusion that the suit must be maintained by them in that capacity. Murray v. Church, 1 Hun, 49, affirmed 58 N. Y. 621.

In an action by an executor to enforce a judgment recovered by his testator, the objection that the complaint fails to show that plaintiff had leave from the court to sue on the judgment may be raised by demurrer, on the ground that the complaint fails to state facts constituting a cause of action. Freeman v. Dutcher, 15 Abb. N. C. 431.

—— OFFICER OF FOREIGN BANK. In an action on behalf of a foreign bank by one of its officers on a bill of exchange, an averment that plaintiff is duly authorized to bring the action states a mere conclusion of law; and the complaint is demurrable for failure to set forth the existence and terms of the foreign law, if any, under which the bank is

organized, and an authority given plaintiff to sue in its behalf. Myers v. Machado, 6 Abb. Pr. 198.

—— RECEIVERS. It was held in Dayton v. Connah, 18 How. Pr. 327, that a complaint alleging that plaintiff was duly appointed receiver is insufficient in failing to allege the time and place of his appointment, and that the appointment was made by order of court, and that the objection may be raised by demurrer. But in Cheney v. Fisk, 22 How. Pr. 236, a doubt was expressed whether the proper mode of reaching this defect was not by motion to make more definite and certain.

The receiver of an insolvent corporation organized in another state, under a law that makes its stockholders liable to creditors in an amount equal to their stock and in addition thereto, has legal capacity to sue in New York to enforce this liability against a resident stockholder, such liability being in the nature of a contract, and not a penalty imposed by the laws of another state. Pugh v. Hurtt, 52 How. Pr. 22.

—— FOREIGN SEQUESTRATOR. In a suit to set aside as fraudulent conveyances made by a corporation, a complaint, showing plaintiff's due appointment under the laws of Pennsylvania, as sequestrator of the alleged fraudulent grantor, is not demurrable, as showing want of legal capacity to sue. Barclay v. Mining Co., 6 Lans. 25.

—— TRUSTEES. Where an insurance company transfers to trustees a note as collateral security for loans made to it, an express power of sale granted to the trustees does not affect their right, as holders of the legal title, to sue on the note; and, in an action thereon, the allegation of such power of sale does not render the complaint demurrable for want of legal capacity to sue. Nelson v. Eaton, 26 N. Y. 410.