(65 App. Div. 120.)

## MINOR v. PARKER.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

1. PLEADING—DEMURRER—WAIVER OF OBJECTION.
   Where an agreement between a husband and wife provided that she should pay a trustee a certain sum weekly for the husband's support, and he sued the wife to recover on their agreement, failure to demur to the complaint because it did not allege notice to the trustee and refusal by him to sue waived such objection.

2. APPEAL—EXCEPTION BELOW—NECESSITY.
   Where on appeal it does not appear that an exception was taken to a charge to the jury, no question as to the charge is before the appellate court.

3. HUSBAND AND WIFE—CONTRACTS—SEPARATION—CONSTRUCTION.
   Where, at the time of the execution of an agreement between a husband and wife whereby she agreed to pay a weekly sum for his support, they had been living apart for a long period, and the instrument recited that the husband claimed that he had during that time advanced to the wife sums of money which were to be used for the mutual support and maintenance of the parties during their lives, and that the parties "have agreed to live separate," the instrument should not be construed as a contract of separation.

4. SAME—CONSIDERATION—GOOD FAITH.
   The rule that, in order to sustain an executory contract between husband and wife, the utmost good faith and an adequate consideration must be shown, has no application to a contract whereby a wife agrees to pay a weekly sum for the support of the husband, where it appears, and the contract itself shows, that they had been living apart, that the husband had threatened the wife with a lawsuit to recover moneys he claimed to have paid her for their mutual support, and that the negotiations leading up to the contract had been made through an attorney.

Appeal from trial term, New York county.

Action by Robert B. Minor against Mary V. Parker. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

The action was brought by the plaintiff, as assignee of George W. Parker, to recover upon an agreement which the latter had made with the defendant, his wife, from whom he had at the date of the agreement been living apart for a period of five years. The agreement, which is dated January 31, 1895, recites that: "The parties of the first and second parts were married on or about the 17th day of September, 1879, and have since then, and for a period of time, lived and cohabited together, and the party of the first part claims that he has during that time advanced to the party of the second part sums of money amounting to several thousands of dollars, which were to be used for the mutual support and maintenance of the parties of the first and second parts during their lives; and the said parties * * * have agreed to live separate and apart from each other; and the party of the first part claims that, in consideration of the money so alleged to have been advanced by him to the party of the second part, she should apply out of the same a sum sufficient for the support and maintenance of the said party of the first part during his life, which she is willing to do: Now, therefore, in consideration of the circumstances, it is agreed that the party of the second part will pay * * * to the party of the third part [J. H. Pettengill], as trustee of the party of the first part, the sum of ten dollars weekly from the date of this agreement for the support and maintenance of the party of the first part during his life. * * * And the party of the first part releases the party of the second part from all other claims." The answer alleged that the defendant signed the paper without any consideration, and that no sums were advanced for mutual support and maintenance. After testimony was given on both sides, the question of whether or not there was a consideration for the agreement was submitted to the jury, whose verdict was in favor of the plaintiff, and from the judgment entered thereon the defendant appeals.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, O'BRIEN, and INGRAHAM, JJ.

Brainard Tolles, for appellant.
James M. Gifford, for respondent.

O'BRIEN, J. Many of the questions argued orally and in his brief by the learned counsel· for the appellant are not properly before us. Thus, it is insisted that the complaint is fatally defective in not having alleged notice to and a refusal by the trustee to sue. To be available, this objection should have been taken by answer or demurrer, and the failure to do so waived it. Code Civ. Proc. §§ 488–499; Insurance Co. v. Baldwin, 37 N. Y. 648; Nanz v. Oakley, 122 N. Y. 631, 25 N. E. 263; Coffin v. President, etc., 136 N. Y. 655, 32 N. E. 1076. Again, it is urged that the court erred in its charge to the jury upon the subject of the consideration necessary to support such an agreement. It does not appear that any exception was taken to the charge, and therefore that question, also, is not before us. But, assuming the question to be properly raised, we find in this record no violation of the rule contended for,— that, in order to enforce an executory contract obtained by a husband from his wife, it is necessary for the former to show adequate consideration and the utmost good faith in obtaining the contract. This is a salutary rule, but, strictly speaking, it applies only where

the married relation has not been disturbed, and the parties are living on such terms of intimacy and confidence as exist between husband and wife. Here it appears from the plaintiff's testimony that during their married life the defendant had received from him considerable money under an agreement to save some of it for his support in his old age. After receipt of the money the parties had separated, and were living apart for a period of at least five years, when the plaintiff threatened the defendant with a lawsuit to enforce the agreement for his support or to recover back the money, and as the outcome of negotiations between the parties, conducted by a lawyer, to bring about a settlement, the agreement here sued upon was made. Crediting the plaintiff's testimony, as the jury had a right to do, much of the argument which has been advanced as to agreements made between husband and wife while living together, and the invalidity of such when the sole consideration is that the parties should live apart, is entirely foreign to a discussion of the facts here presented. The contention that the contract was one of separation is disproved not only by the fact that the parties had for a long period been living apart, but also by the instrument itself, which recites that they "have agreed to live separate and apart," which, in connection with the other recitals, is evidently the equivalent of saying that they "had agreed to live separate and apart." Here, therefore, the confidential relation of man and wife had been severed, and the record shows that the parties were dealing at arm's length, through an attorney, and therefore that the necessity of proving the utmost good faith and the payment of a full and adequate consideration, which is the rule as to contracts made between husband and wife while the marriage relation exists, was entirely wanting.

The exceptions taken to rulings upon evidence we have examined, but do not regard them as serious enough to justify our interfering with the verdict, which, being supported by sufficient competent evidence, we think should stand.

The judgment accordingly should be affirmed, with costs. All concur.