## La Point v. Cady.

1. Covenant—proviso—exception—pleading.—In an action upon a covenant to furnish to the plaintiff a certain amount of water-power for one year, daily for a certain number of hours, subject however to the interruptions provided for in a certain lease between other parties, which were not specified in the covenant sued on, nor set forth in the declaration on it. *Held*, that this clause of the lease sued on constituted a *proviso*, and not an exception, and therefore it was not necessary to set out in the declaration the clause in question or the lease to which it referred; this matter being properly defensive to be pleaded by the defendant to the defense. The rule would be otherwise, if the clause constituted an exception.

2. Exception—proviso.—The distinction between a proviso and an exception is, that a proviso is properly the statement of something extrinsic of the subject-matter of the covenant which is to go in discharge of the covenant by way of defeasance, while an exception is the taking out of a covenant of some part of the subject-matter of it.

(2 *Chand.* 202.)

ERROR to the Circuit Court for *Milwaukee* County.

This was an action of covenant, brought by the plaintiff in error against the defendant in error, upon a lease containing

mutual covenants, to wit: On the part of the plaintiff, to fur-
nish to the defendant a certain water-power in Milwaukee, for
a stipulated price for one year, furnishing a given amount of
water, and to be furnished for a certain number of hours
daily, subject, however, "to the interruptions provided for in
a certain lease by the Milwaukee & Rock river canal company,
to J. T. Perkins," but which were not set forth in the lease
between the parties to this action, or in the declaration. The
declaration alleges breaches by the defendant of non-payment
of the sum stipulated.

The defendant pleaded that the covenant declared upon
was not his deed, and under that plea gave notice that he
would prove that the plaintiff did not perform certain cove-
nants contained in his part of the lease to be performed by
him, and relating principally to the deficient supply of water
as stipulated by the covenant.

On the trial of the cause the plaintiff gave in evidence the
lease between the parties, and gave testimony showing, or
tending to show, a failure on the part of the defendant to
furnish the water-power to the plaintiff according to the pro-
visions of the covenant in the lease, and showing, or tending
to show, the damages sustained thereby.

The defendant offered in evidence testimony showing, or
tending to show, a compliance on his part with the covenants
contained in such lease, and, amongst other things, produced,
or offered to produce in evidence, the lease executed to him
by the Milwaukee & Rock river canal company, and referred
to in the lease between the parties to this suit, and here the
parties respectively rested.

The court, among other things, charged the jury, as fol-
lows: "The plaintiff has brought what is called an action of
covenant, because he sues upon the defendant's covenants in
the lease he has made. In order to maintain his action he
must first set out such a covenant as he can recover on; and
second, must set out the real covenant contained in the instru-

ment fully, clearly and truly. In the present case, the lease from defendant to plaintiff, contains the covenant (to supply water-power) on which the action is based, but that covenant is qualified by a reference to the lease from the Rock river canal company to defendant, and the undertaking of defendant is limited by the obstructions provided for in the canal company's lease. In order, therefore, to enable the plaintiff to show what extent his right had, he must show to what extent it was limited by the provisions of the canal company's lease. Now, to show these limitations on a trial in court, he must introduce testimony by persons or papers to prove the facts clearly and with certainty, and unless he has alleged substantially in his declaration the matter that he wishes to prove, he cannot introduce evidence to prove it. In the present case the declaration merely recites the language of the defendant's and plaintiff's lease, referring generally to the other lease. What the provisions of that other lease are it does not aver, or assume to aver, or set out. Hence the lease of the Rock river company was offered in evidence, and the defendant objected that no foundation was laid for such proof in the declaration. Not being satisfied fully as to the point when the lease was offered, I admitted the proof. But on further reflection, I am well satisfied that the objection is well founded, and that the lease of the canal company must be rejected by the jury. I am the more fully convinced in this view of the matter by an examination of the canal company's lease, and comparing it with the words of the defendant's and plaintiff's lease. The word 'interruptions,' which occurs in the latter lease as describing the limitations of the plaintiff's rights under it, does not occur in the former lease. What is meant by the word 'obstructions,' as used in the lease between the parties, must be explained by the court or jury, and can only be ascertained by a careful examination of the canal company's lease. To what precise extent it reaches and qualifies the rights and liabilities of the parties,

is a matter of much doubt, and of very great importance, both to these parties and many others similarly situated. It was necessary for the plaintiff, before he could show to you that he had been deprived of the water-power which the defendant had covenanted to give him, to show, precisely and clearly, what amount of water-power he was entitled to ; and that he can never do, without introducing the canal company's lease and showing what interruptions it provides for on this point. I am of the opinion that the plaintiff's declaration is fatally defective, and that he cannot, in any event, recover in this suit."

The jury found a verdict for the defendant, upon which he had judgment, and the cause came to this court on a writ of error.

*A. D. Smith* and *C. K. Watkins*, for plaintiff in error :

The covenant declared upon is, that the defendant, in consideration of rents reserved and covenants on the part of the plaintiff, agreed to furnish the plaintiff so much water as shall be necessary for a sash factory.

An agreement of the plaintiff occurs in the lease, not to use such water-power but ten hours per day, of which a statement is made in the declaration ; and the breach assigned is, that the defendant did not furnish the water ten hours per day. There are, in the lease, covenants " that plaintiff shall put up the fire apparatus," " shall clean away the chips," etc., " and that the use of the water-power by plaintiff is to be subject to the 'interruptions provided for in the lease of the Milwaukee and Rock river canal company to J. T. Perkins.'" These covenants of the plaintiff are not stated in the declaration, with an averment of the performance, and need not be, because they are only to a " part of the consideration on both sides " (1 Saund. 320, note 4); and a breach of either of them may be recovered for in damages. *Bennett v. Pixley,* 7 Johns. 240.

2. These covenants need not to be noticed in the declara-

La Point vs. Cady.

tion, for the covenant declared on is not a covenant to furnish water *for* paying rent, or *for* cleaning away chips, or *for* putting up fire apparatus, or in consideration *of the same performed;* but a covenant of defendant to furnish water in consideration that plaintiff had *entered into covenants to be performed,* and not in consideration of the same performed. In the one form the plaintiff's covenants would be a condition precedent to be averred and performance proved, before this action could be maintained. In the other form, in which the same are stated in the lease, they are independent covenants, and performance need not be averred or proved. 1 Saund. 320, note 4; *Cunningham v. Morrell,* 10 Johns. 293; 1 Chitty's Plead. 364, 347; 5 Wend. 497; 8 id. 615.

3. The interruptions to which plaintiff is subjected are not exceptions to or qualifications upon the covenant declared on, but are extrinsic the subject-matter of the defendant's covenant, and form a proviso upon the covenant and not an exception to it. An exception should be stated, but a proviso need not be. 1 Saund. Plead. and Ev. 393; 1 Saund. 234, note 2; *Tempany v. Burnand,* 4 Camp. 20.

4. These provisions in the Milwaukee and Rock river canal company's lease are all in defeasance of defendant's covenant, and should be pleaded in discharge of his liability (2 Denio, 235), and need not be stated by plaintiff.

5. The court should not withdraw the testimony from and submit the cause to a jury, but should either submit the evidence and leave the defendant to his remedy, by motion in arrest, or nonsuit the plaintiff. 21 Wend. 109; 23 id. 480; 1 id. 376; 18 id. 169.

*Orton & Cross,* for defendant in error, argued that the qualification contained in the lease executed by the canal company to J. T. Perkins, and which lease was referred to in the covenant made between the parties in this suit, was not set out or averred in the declaration executed in this cause; that in order to have made that lease the subject of evidence, it

should have been set out in the declaration, so far as it had application to the lease executed between the parties to this suit, or tended in any way to qualify, restrict or enlarge it; that in a declaration founded upon a covenant, mutual, dependent or independent, the plaintiff was bound, by the rules of pleading, to set out all matters which were incidental to the covenant, at least so far as it related to or formed a part of the covenant declared upon; and especially so where the latter instrument was the basis upon which damages were claimed, or laid the foundation for the recovery of damages; that the admission of such a paper, in order to maintain a suit in this form of action, showed clearly that the declaration was defective, so far, at least, as the introduction of such evidence was concerned; and to this point they cited, 2 Phil. Ev., 146; 17 Eng. Com. Law, 24. As to the form of the declaration in such a case they cited, 2 Chitty's Plead. 528; 1 id. 86, 89; Gould on Plead. 178.

HUBBELL, J. The plaintiff's declaration sets out several covenants in the defendant's lease, including the following: "Also the use, during the continuance of the lease, in the said room first named, of so much water-power, to be delivered in said first room, as should be necessary and proper for the purpose of enabling the plaintiff to carry on the business of manufacturing sash, doors and blinds, and to propel all machinery proper and necessary to be used in and about the business aforesaid, to be used, nevertheless, but for ten hours per day for each and every day during the term aforesaid, according to the tenor and effect of said lease; which said water-power the said defendant covenanted to furnish to the said plaintiff for the purpose aforesaid, by him to be used but ten hours per day, for each and every day of said lease, *subject only to the interruptions provided for in the lease of the Milwaukee and Rock river canal company to the said defendant, and to temporary interruption from unavoidable accidents.*"

And, in setting forth the breaches, the plaintiff's declaration contains the following averment: "He was deprived of the use of water-power sufficient to propel his machinery, ten hours per day, as aforesaid, and enable him to carry on his said business; *and that, too, without any hindrance or interruption from the said canal company, or from said accidents, but solely from the acts of said defendant.*" No part of the canal company's lease was set forth in the declaration.

On the trial of the cause the plaintiff offered evidence to show that the deprivation of water-power was not caused by "interruptions" provided for in the canal company's lease, and also offered in evidence the lease itself, for the purpose of showing what those "interruptions" were. The lease was ruled out by the circuit court on the ground that the declaration contained no allegation authorizing its admission. The court also instructed the jury that it "was necessary for the plaintiff, before he could show that he had been deprived of the water-power which the defendant had covenanted to give him, to show precisely and clearly what amount of water-power he was entitled to, and that he could never do without introducing the canal company's lease, and showing what interruptions it provides for on this point." And further, that the plaintiff's declaration, in that respect, "was fatally defective, and he could not recover in that suit."

The question now is, whether the ruling and instructions of the circuit court were erroneous. Much was said, in the argument, on the subject of dependent and independent covenants, and the rules of pleading applicable thereto; but I have been unable to discover any point which raises such a discussion, and I am not inclined to differ with the learned counsel, or his authorities, on that branch of legal science. The difference between us arises upon the construction of the clause in the plaintiff's lease which refers to the lease of the canal company, and the question is, in technical language, whether that clause constitutes an *exception* or a *proviso.* In

the court below I held it to be the former, that is, I held it to be a direct and positive qualification or limitation of the covenant to supply water-power.   If this was the proper construction, it was necessary for the plaintiff to state the matter which constituted the qualification, and to prove it as alleged. In other words, he must set forth so much of the canal company's lease as was necessary to show the nature and extent of the " interruptions provided for " therein, and must introduce the lease in evidence on the trial.   1 Saund. 293 ; 11 East, 633 ;  4 Camp. 21;  1 Term, 638.

If, on the other hand, this clause in the covenant ·constituted a *proviso*, and not an *exception*, it was not necessary for the plaintiff to set out either the clause in question or the lease to which it referred.   But the defendant would be compelled to raise the matter by plea or notice, if he deemed it material to his defense.   Such is the rule of authority upon this subject.  · 1 Lev. 88 ;  Cro. Jac. 537 ;  1 Saund. 233, note c. It is not necessary, nor would it perhaps be respectful to my associates on the bench for me ·here to indulge in a discussion of the distinction between an " exception " and a " proviso."   Much learning has been displayed in this case and elsewhere without disclosing to my mind any very clear, definite or practical line of demarcation.   The very learned Mr. Saunders has given perhaps, as satisfactory a definition of the terms as can be found.   " *There is*," says he, " *some distinction between a proviso and an exception.   A proviso is properly the statement of something extrinsic of the subject-matter of the covenant, which shall go in discharge of that covenant by way of defeasance ; an exception is the taking out of a covenant some part of the subject-matter of it.*"   1 Saund. Pl. & Ev. 393.)

But whatever doubts or difficulties environ the distinction itself, when it is once ascertained, and the doubtful clause in a covenant has been baptized with a name, the rules of pleading applicable thereto are readily determined.   If it be

resolved into a *proviso*, the burden of proof, as we have seen, changes from the plaintiff to the defendant. In the present instance, a majority of the court hold that the clause in question is a *proviso*, and they therefore hold that the plaintiff unnecessarily set forth this clause in his declaration, and unnecessarily added the averment that he was deprived of the use of the water-power "without any hindrance or interruption from the said canal company, or from said accidents, but solely from the acts of said defendant." They further hold that these parts of the declaration may be treated as mere surplusage, and that it was not necessary for the plaintiff to sustain them by proof, but that it was sufficient for him to state the covenant to supply the water-power in the place mentioned, for the time mentioned, and then to allege the breach. In this view of the matter, the rejection of the canal company's lease, when offered in evidence, becomes immaterial; but the instructions of the court to the jury were erroneous. Deeming it far more important to settle a rule of practice than to establish an opinion, I cheerfully yield to the authority of my brethren.

Judgment reversed, with costs.