I. W. BRYANT V. ANNIE E. BARTON ET AL.

[FILED JULY 2, 1891.]

1. **Pleading**: ACTION FOR BREACH OF CONTRACT. In an action for breach of contract, the petition sets up the terms of the contract, avers performance on the part of the plantiffs of the conditions to be performed on their part, and alleges non-performance by the defendant of the stipulations on his part to be kept and performed. *Held*, Sufficient as against a demurrer.

2. **Evidence**, *held*, sufficient to sustain the verdict.

ERROR to the district court for Saunders county. Tried below before POST, J.

*S. H. Sornborger,* for plaintiff in error, cited: *Seely v. Hills*, 44 Wis., 484; *Hart v. Bludworth*, 49 Ala., 218; *Schenck v. Naylor*, 2 Duer [N. Y.], 675; *Whitehill v. Shickle*, 43 Mo., 537, and cases; 2 Parsons, Cont., *523, and note *i*; *Britton v. Turner*, 6 N. H., 481.

*T. B. Wilson* and *J. R. Gilkeson*, *contra,* cited: Maxwell, Pl. & Pr., 89; *Brown v. Stebbins*, 4 Hill [N. Y], 154; *Gutridge v. Vanatta*, 27 O. St., 367; *Frost v. Knight*, 7 Exch. [Eng.], 111, 114; *Fox v. Kitton*, 19 Ill., 519, 533; *Chamber of Commerce v. Sollitt*, 43 Id., 519, 523; *Follansbee v. Adams*, 86 Id., 13, 14; *Grau v. McVicker*, 8 Biss. [U. S.], 13, 17; *Howard v. Daly*, 61 N. Y., 362, 374; *Ferris v. Spooner*, 102 Id., 10; *Cort v. Ry. Co.*, 17 Q. B. [Eng.], 127, 148; *Hosmer v. Wilson,* 7 Mich., 294, 304; *McCormick v. Basal*, 46 Ia., 235, 236; *Dugan v. Anderson*, 36 Md., 567, 584; *Parker v. Russell*, 133 Mass., 74, 76.

NORVAL, J.

The defendants in error recovered a judgment in the court below, against the plaintiff in error, for the sum of $60, as damages for breach of contract.

At the commencement of the trial, in the district court, the defendant objected to the introduction of any testimony, for the reason that the facts set out in the petition do not constitute a cause of action; which objection was overruled and an exception taken. This ruling of the court is the first error assigned.

The petition states, in effect, that on the 7th day of October, 1885, the plaintiffs and defendant entered into a contract, by the terms of which the plaintiffs were to remove from their home near Yutan, Saunders county, to the defendant's farm near Ashland, and keep house for, board and lodge him, and do his washing during the following winter, and that defendant stated that he wished and expected plaintiffs to reside with him and keep house for him as long as he should live; that in consideration thereof the defendant agreed to provide and pay for all the breadstuffs, fuel, and groceries necessary for the use of plaintiffs during said winter, and furnish sheds, stabling, pasture, and feed for two or more of plaintiffs' cows; that the defendant promised and agreed to pay off nine certain promissory notes given and owing by the plaintiffs, which are particularly described in the petition.

It is further alleged that, in pursuance of said contract, the plaintiffs removed to defendant's place and boarded and lodged him until December 8, 1885, and were at all times since ready and willing to perform all the conditions of said contract on their part to be performed, but that defendant has not kept his part of said contract, except that he has furnished a home for plaintiffs to reside in, paid off one of said notes, and furnished breadstuffs and groceries to plaintiffs up to December 8, 1885; that on the 9th day of December, 1885, defendant notified plaintiffs that he would not fulfill any of the other conditions of said contract on his part to be performed, and by reason of his said refusal plaintiffs were compelled to, and did, remove from said premises, and were compelled to, and did, pur-

chase necessary fuel, groceries, and breadstuffs for the use of plaintiffs and family since that time, and by reason of said defendant's refusal and failure to perform the said contract in accordance with the terms and conditions thereof, the plaintiffs have been damaged in the sum of $1,000, and no part thereof has been paid.

We think the petition states a cause of action. It states with sufficient clearness the conditions of the contract each party was to perform, alleges performance on the part of the plaintiffs and that the defendant has not performed the conditions of the contract on his part, and that he notifie' the plaintiffs that he would not fulfill any of the stipulations of the contract on his part to be kept. While some of the allegations of the petition are indefinite, the pleading sets out the conditions of the contract broken by the defendant and avers non-performance. This was sufficient, as against the objection made on the trial to the introduction of testimony, because the petition fails to state a cause of action. (Maxwell's Pleading and Practice, 89 ; *Brown v. Stebbins,* 4 Hill [N. Y.], 154; *Gutridge v. Vanatta,* 27O. St., 367.) If a more definite statement was desired, the objection should have been taken by motion at the proper time.

It is claimed that the agreement was terminable at any time, at the option of either party. We do not think so. It sufficiently appears from the averments of the petition that the contract was to continue in force and be binding upon the parties during the winter of 1885 and 1886. Of course the averment that "the defendant wished and expected the plaintiffs to reside with him, and keep house for him as long as he should live," did not have the effect to extend the time, nor make the agreement terminable at the option of either party. It is not an allegation of fact and is wholly immaterial.

Is the verdict sustained by the evidence? The plaintiff in error does not contend that the contract and breach

thereof were not proved substantially as alleged, but insists that the plaintiffs below have sustained no damages.     The proof shows that the expenses incurred by the Bartons in moving to Bryant's farm and removing back to the place they had left were from $60 to $90.     The trial court, by the sixth instruction, limited the plaintiffs' recovery to these expenses, which, under the evidence and issues made by the pleadings, was more favorable to the plaintiff in error than he was entitled to; but of that defendants in error are not here complaining.     Shortly after the parties had entered upon the performance of the contract the plaintiff in error, without any legal excuse, repudiates the contract and refuses any longer to be bound by it.     Honesty and fair dealing requires that the Bartons should at least be reimbursed for the reasonable costs and expenses incurred for moving.     The contract was exceedingly favorable to the plaintiffs.     By its terms the defendant, to compensate the plaintiffs for their services in boarding, lodging, and washing for him, promised to pay off certain notes outstanding against the plaintiffs, aggregating $378.35, in addition to furnishing all the fuel, groceries, and provisions.     But one of these notes, amounting to $22.20, was paid by Bryant.     The evidence shows that the damages sustained exceeded the sum assessed by the jury.

True, the defendant furnished fuel, provisions, etc., according to the contract during the short period he boarded with the plaintiffs, yet, so far as the evidence shows, he was fully compensated for all outlays by the value of the plaintiffs' services in boarding, lodging, and washing for him. The evidence sustains the verdict, and the plaintiff in error has no just cause to complain of the charge of the court.

The judgment is

AFFIRMED.

THE other judges concur.