## HUDSON *et al.* v. ARCHER *et al.*

1. The statement of the grounds of demurrer under Section 4910, Comp. Laws, in the language defining what are valid grounds of demurrer in Section 4909, is sufficient, except that when the first ground is relied upon the demurrer must specify whether the want of jurisdiction is as to the person or subject matter, and, where the fourth ground is relied upon, the party must specify whether the defect is of parties plaintiff or defendant.

2. Under the last clause of Section 4872, Comp. Laws, parties with whom a written contract is entered into may maintain an action in their own name for a breach of the same; though such parties are acting as agents or trustees of other persons; and it is not necessary that the persons beneficially interested in such contract be joined as parties plaintiff in the action.

3. In an action for breach of contract, stipulations introduced into the same as provisos in favor of the defendants need not be negatived by the plaintiffs in their complaint. Such stipulations, to be taken advantage of, must be pleaded by the defendants.

4. When the plaintiffs in their complaint set out a contract, allege full performance of the conditions of the same on their part, and a breach

thereof by the defendants, they are entitled to recover nominal damages at least, and a demurrer to such complaint is not well taken.

5. An erroneous claim for damages, or an improper demand for relief, does not render the complaint demurrable.

(Syllabus by the Court.  Opinion filed July 29, 1893.)

Appeal from circuit court, Yankton county. Hon. E. G. SMITH, Judge.

Action for a breach of contract.  From an order sustaining a demurrer to the complaint, plaintiffs appeal.  Reversed.

The facts are stated in the opinion.

*R. B. Tripp*, for appellant.

The claim of a defect of parties plaintiff was not available to the defendants on the record made, for the reason that they did not specify distinctly the grounds of objection in the demurrer.  Section 4910, Comp. Laws; Baker v. Hawkins, 29 Wis. 578; 2 Estes' Plead. p. 384; Boon Plead. Sec. 44; Kent v. Snider, 30 Cal. 673.

A complaint which states a contract, alleges full performance of the conditions of the same on the part of the plaintiff and a breach thereof by the defendants, always presents a sufficient case as against a demurrer.  Cowley v. Davidson, 10 Minn. 392; Gil. 314; Western U. T. Co. v. Hopkins, 49 Ind. 226; Trammell v. Chambers, 9 So. Rep. 815; Bryant v. Barton, 49 N. W. Rep. 331; Sunny S. L. & I. Co. v. Railroad, 26 Pac. Rep. 835.  Where money is paid for something not accomplished, the money may be recovered back.  Griggs v. Austin, 3 Pick. 22; Brown v. Harris, 2 Gray, 360; Archer v. McDonald, 36 Hun. 194; Williamson v. Johnson, 20 Atl. 279; Churchill v. Stone. 58 Barb. 233; Donville v. Merrick, 25 Mo. 680.  Conditions subsequent are never to be anticipated and answered in a complaint; they are defenses.  Only exceptions need be negatived.  Bliss Code Plead. Secs. 200 and 202; Har-

ris v. White, 81 N. Y. 546; Front St. M. & O. R. R. Co. v. But-
ler, 50 Cal. 574; Schwoerer v. Assn., 99 Mass. 298.

*French & Orvis*, for respondent.

This action was brought, not for the benefit of the plaintiff
but for the benefit of some eighty persons not named as plain-
tiffs in the summons. This was a violation of the provisions of
Sec. 4870, of the Comp. Laws. The plaintiffs did not bring
themselves within the exception to the rule of this statute as
trustees of an express trust as the contract set out in the com-
plaint negatives the position that they were such trustees,
and shows they were simply agents to do certain things and
nothing else. Robbins v. Deverill, 20 Wis. 150; Weaver v.
Trustees, 28 Ind. 119; Pomeroy on Remedies, Secs. 171 to 175;
Ruckman v. Pitcher, 20 N. Y. 9; Bagley v. Onondago Ins Co.,
6 Hill 476.

CORSON, J. This appeal is from an order sustaining a de-
murrer to the complaint. The material parts of the complaint
are as follows: ''(1) The plaintiffs above named, as trustees
for the following named persons, to-wit: * * * complaining
of the above named defendants, allege: (2) That on the 18th
day of June, 1887, the defendants made and executed an agree-
ment in writing with the plaintiffs, whereby they, the said defend-
ants, agreed to erect at Yankton, Dakota, an oil mill of dimen-
sions not less than the following; * * * That they, the de-
fendants, would operate said mill, and maintain therein at least
the amount of machinery above mentioned for the period of
five years from said date, provided that said defendants shall
not be held to operate said mill during any time when, for
causes not under their control, said mill cannot be operated
without loss to them, they using at the time due economy and
all proper skill. And the said defendants further agree that
they would not during said period of five years sell or transfer
said mill, or machinery therein, unless the parties receiving
such transfer or conveyance bound themselves to the satisfac-

tion of the plaintiffs to observed and fulfill the terms of said agreement. (3) That the plaintiffs, in consideration of the defendants doing, keeping, and performing the above stipulations on their part, promised and agreed that they would pay or cause to be paid to the said defendants the sum of $1,500, as follows: $500 on the arrival at said Yankton of the machinery above named, and $1,000 when the said mill was completed according to the terms of said agreement, and the machinery set up therein, and the mill made fully ready to be put in operation for the manufacture of linseed oil. That the said plaintiffs performed all the conditions of said agreement on their part, and paid to said defendants the sum of $1,500, and that the consideration of the payment of said sum was the faithful performance of said contract by the defendants on their part. (4) That the plaintiffs further allege that the persons above named paid the full sum of $1,500, and paid the same to said defendants, through the plaintiffs as their trustees; and that said agreement was made for and on behalf of said trustees, who were the plaintiffs herein, and for and on behalf of the aforesaid persons, for whose benefit this action is brought, and that the sums so paid and contributed by each of said persons were received by said defendants as the consideration for the full performance upon their part of all of the terms and consideration of said agreement to be kept and performed by said defendants. (5) That the plaintiffs further allege that the defendants failed to comply with the terms of said contract on their part, and committed breaches thereof in the following particulars: The said defendants on or about the 7th day of June, 1889, sold and transferred said mill, machinery and business to the Yankton Linseed Oil Company without the consent or satisfaction of said plaintiffs, and without any agreement on the part of said company to observe or fulfill the terms of said contract between the plaintiffs and the defendants; and that thereafter, on the 1st day of October, 1889, in violation of the terms of said contract, the oil mill and machinery ceased to be

operated or maintained, and the said business has not been conducted by said defendants, or otherwise, since that date. (6) That the plaintiffs further allege that during the greater part of the time from the 18th day of June, 1887, to the first day of October, 1880, the said oil mill was not operated at all, and that at the date last mentioned the operation of said mill was, and ever since has been, entirely abandoned as aforesaid and the said defendants and said Yankton Linseed Oil Company have, in violation of the terms of said contract, never intended since that date to operate said mill, and do not now intend to operate, manage, or continue the same. That by reason of the premises the consideration for the payment of said sum of $1,500 has failed, and the plaintiffs are entitled to recover the same of the defendants, with interest from the date last mentioned. That no part of said sum has been paid. Wherefore the plaintiffs demand judgment against the defendants for the sum of $1,500, with interest thereon from the commencement of this action, and for such other and further relief as shall be just and proper, and for costs and disbursements herein." To this complaint the respondents interposed a demurrer on the following grounds: (1) That there is a defect of parties plaintiff; (2) that the plaintiffs have no legal capacity to sue; and (3) that the complaint does not state facts sufficient to constitute a cause of action.

The appellant makes the objection to the consideration of the first ground of demurrer that, while the ground of the demurrer is stated in the language of the statute, (Section 4909, Comp. Laws,) it is insufficient under the requirements of Section 4910, which provides: "The demurrer shall distinctly specify the grounds of the objection to the complaint." The provisions of our code upon the subject of demurrers are similar to those of most of the code states, and are the same as those contained in the original code of the state of New York, whence our practice act was mainly taken. In that state, at an early day, the construction to be given to this clause of Section

4910 of our code, above quoted, came up for consideration before the supreme court of that state in Getty v. Railroad Co., 8 How. Pr. 177, and in a well considered opinion that court held that the clause of Section 4910 quoted means simply that the demurrer must distictly specify one or more of the grounds for which a demurrer would lie, as provided in Section 4909. The court says; "Six grounds of demurrer are specified in the code. It is enough to authorize a demurrer that any one of these objections appears upon the face of the complaint. But the demurrer must not be general. It must specify distinctly upon which of the several grounds of objection which justify this pleading the party relies. No legislative requirement goes beyond this. If the ground of objection, as stated in the demurrer, is, in substance, any one of those specified in the 144th section, I suppose it is good as a pleading. In some instances, two distinct grounds of demurrer are embraced in one of the subdivisions of the section mentioned. Thus the defendant is authorized to demur when it appears 'that the court has no jurisdiction of the person of the defendant or of the subject of the action.' In a demurrer for want of jurisdiction it would undoubtedly be necessary for the defendant to state whether the alleged want of jurisdiction related to the 'person of the defendant,' or 'the subject of the action.' So, when the defendant demurs on the ground that it appears on the face of the complaint that there is a defect of parties plaintiff or defendant he should state whether it is a defect of parties plaintiff or parties defendant upon which he relies. But in respect to the other grounds of demurrer I do not understand that anything more is required than to state the objections in the very words of the statute." The doctrine laid down in that case was folfowed in that state until 1877, when the law relating to demurrers was changed by statute. Hulbert v. Young, 13 How. Pr. 413; Dayton v. Connah, 18 How. Pr. 326; Bliss Code Pl. § 416; Maxw. Code Pl. p. 381. Judge Maxwell, after giving the form of a demurrer, stating the grounds of a demurrer in the lan-

guage of our Section 4909, says in a note: "In some of the code states greater particularity is required in the special assignments. The above form is sufficient in most of the code states." Id. The only case called to our attention distinctly holding a contrary view is Baker v. Hawkins, 29 Wis. 576, in which the supreme court of that state held that, when the ground of demurrer was that there is "a defect of parties," the demurrer must specifically point out in some suitable manner who are the proper parties; but we are not inclined to follow this decision, as such specifications would, in our view, partake to much of the nature of an argument or brief of counsel. What would constitute a sufficient specification would be vague and uncertain, and depend upon the views of different courts. Each section has its appropriate office. Section 4909 defines what are valid grounds of demurrer, and Section 4910 requires the party demurring to distinctly specify upon which of the grounds he intends to rely. To specify which ground of demurrer is relied upon by the party demurring is sufficient, except that when the first ground is relied on the demurrer must specify whether the want of jurisdiction is as to the person or subject matter; and when the fourth is relied on the parties must specify whether the defect is in parties plaintiff or defendant. Assuming, therefore, that the demurrer is sufficiently specific in form, the question of the right of the plaintiffs to bring the action is presented.

Respondents contend, in support of their demurrer, that the plaintiffs brought this action for the benefit of some 80 persons, not named as plaintiffs in the complaint, and therefore it appears that the plaintiffs as such, have no right to maintain the action; but we cannot agree with the counsel in this view. The agreement being alleged to be in writing, and executed by the defendants to the plaintiffs, we are of the opinion that the plaintiffs, though bringing the action for the benefit of the persons who contributed the $1,500 fund, come within the last clause of Section 4872, Comp. Laws, which provides that "a

trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom or in whose name a contract is made for the benefit of another." Mr. Pomeroy, in his work on Remedial Rights, says: "It is fully established by numerous decisions that when a contract is entered into expressly with an agent, the promise being made directly to him, although it is known that he is acting for a principal, and even although the principal and his beneficial interests in the agreement are fully disclosed and stipulated for in the very instrument itself, the agent in such case is described in the language of the statute, and may maintain an action on the contract in his own name, without joining the person thus beneficially interested." Pom. Rem. & Rem. Rights, § 175; Considerant v. Brisbane, 22 N. Y. 389; Scantlin v. Allison, 12 Kan. 85; Noe v. Christie, 51 N. Y. 270; Hubbell v. Medbury, 53 N. Y. 98; Landwerlen v. Wheeler, 106 Ind. 526, 5 N. E. Rep. 888. We have examined the cases cited by respondents' counsel upon this question, but, in our opinion, they do not apply to cases of express or written contracts. The case of Ruckman v. Pitcher, 20 N. Y. 9, well-illustrates the doctrine of that class of cases. In that case a certain sum was deposited by the plaintiff on an illegal wager, a part of which belonged to himself, and the balance to other parties, for whom he acted as agent in making the deposit. The plaintiff brought an action to recover back the whole sum so illegally bet or deposited, on the implied contract of such holder to refund the money, the wager being illegal; but the court held that he could only recover the amount of his own money advanced, and not that deposited as agent for others. But the court said his right to recover rested upon an implied contract only, as there was no express agreement to repay the money, and added: "An agent may in many cases sue upon an express contract made with himself by name." In the case at bar the agreement is alleged to be an express written agreement. If the plaintiffs had failed to pay the $1,500 they agreed to pay, the defendants could have recovered it

from the trustees in an action under the contract; but they could not have sued the persons who contributed the fund, as, so far as shown by the complaint, the defendants had no contract with them.    Landwerlen v. Wheeler, 106 Ind. 526, 5 N. E. Rep. 888.

The second ground of demurrer is not tenable, as no incapacity of the plaintiffs, or either of them, appears on the face of the complaint.    Pom. Rem & Rem. Rights, § 208; Maxw. Code Pl. p. 371; O'Callaghan v. Bode, 84 Cal. 489, 24 Pac. Rep. 269; Campbell v. Campbell, 121 Ind. 178, 23 N. E. Rep. 81.

Respondents further insist that the demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action was properly sustained for the reason that there is no allegation in the complaint that the mill could have been kept in operation without loss to the defendants.    The appellants' counsel contend that this was a matter of defense, and that they were not required to allege the same in the complaint. We think the appellants are right in their contention.    This clause in the contract is introduced as a proviso, and not an exception, and is, we think, a condition subsequent, and not a condition precedent.    Bliss, Code Pl. §§ 200, 202; Harris v. White, 81 N. Y. 532; La Point v. Cady, 2 Pin. 515.    Again, it was a matter peculiarly within the knowledge of the defendants.    If they were unable to operate the mill without loss, that was a matter of defense, and should be presented to the court by answer.

The respondents further contend that the demurrer was properly sustained upon the ground that the complaint was drawn upon the theory that the plaintiffs had the right to recover back the entire consideration of $1,500 paid the defendants towards the erection of the mill, and that the plaintiffs cannot maintain such an action under the contract; but we cannot agree with counsel for the respondents in this contention.    The plaintiffs, in their complaint, set out a contract between the parties, allege full performance of the terms of the same on

their part, and aver a breach thereof by the defendants. The demurrer admitting the facts alleged the plaintiffs are entitled to nominal damages at least, and this is sufficient on demurrer. 1 Suth. Dam. p. 759. An erroneous claim for damages, or an improper demand for relief, does not render the complaint demurrable. Maxw. Code Pl. p. 9; Bliss Code Pl. § 417.

The counsel for the respondents further contend that no damages are claimed in the complaint, but only the consideration paid, and therefore no facts are stated showing that even nominal damages may be recovered; but we cannot agree with counsel in this contention. The plaintiffs demand judgment for $1,500, and whether that is denominated the consideration paid under the terms of the contract or denominated damages is, we think, not material, under our system of pleading. As we have seen, an erroneous claim for damages or demand for relief is not a ground of demurrer. If the rule by which the damages are to be estimated as stated in the complaint is incorrect or insufficient, the defect cannot be reached by demurrer so long as the complaint states facts entitling the plaintiffs to recover any damages in the action. The amount that the plaintiffs may recover or the measure of damages must be determined on the trial under the pleadings and the evidence. Sunny Side Land and Imp. Co. v. Willamet Bridge Ry. Co., (Or.) 26 Pac. Rep. 835; Telegraph Co. v. Hopkins, 49 Ind. 223; Cowley v. Davidson, 10 Minn. 392, (Gil. 314;) Leland v. Tousy, 6 Hill, 328; Trammell v. Chambers Co., (Ala) 9 South. Rep. 815; Bryant v. Barton, (Neb.) 49 N. W. Rep. 331; George v. Edney, (Neb.) 54 N. W. Rep. 986. As the complaint, in our opinion, states facts sufficient to entitle the plaintiffs to maintain the action, it follows that the demurrer was erroneously sustained thereto. Whether the demurrer was well taken being the only question before the court on this appeal, we express no opinion as to the proper measure of damages upon the facts stated in the complaint. The order and judgment of the circuit court are therefore reversed, and the cause remanded, with directions to that court to overrule the demurrer.