## MacBRIDE v. HITCHCOCK *et al.*

A complaint which alleges that defendants destroyed plaintiff's clothing, books, private papers, and the files of his newspaper, as well as his newspaper plant, and also unlawfully broke into the portion of his printing office occupied as his home, is good, as against a general demurrer, though it also shows that he had sold the newspaper plant.

(Opinion filed January 25, 1899.)

Appeal from circuit court, Davison county. Hon. FRANK B. SMITH, Judge.

Action by Robert H. MacBride against Abner E. Hitchcock and others. From an order overruling a demurrer to the complaint, defendants appeal. Affirmed.

The facts are stated in the opinion.

*A. B. Kittredge, F. M. Goodykoontz, A. E. Hitchcock, F. H. Winsor* and *F. M. Hammer,* for appellants.

*H. F. Fellows* and *Aikens, Bailey & Voorhees,* for respondent.

CORSON, P. J, This is an appeal from an order overruling defendants' demurrer to the complaint. The plaintiff, in his complaint, for a cause of action, alleges, in substance, that on the 22d day of February, 1896, he was engaged in the business of publishing a newspaper at Mitchell, in this state; that he owned a printing press and material for printing a newspaper, and had been engaged in the business of publishing the same

for about 15 years; that he possessed the files of his paper so published for a period of about eight years, and which was of great value. He further alleges that on the said 22d day of February, 1896, the said defendants conspired together to destroy his said business as publisher of said paper, and to compel him to give up said business and leave the country. He further alleges that on the 26th day of February, said year, the said defendants unlawfully entered into said printing office, took therefrom printing press, material, the files of the said paper, and the private property and wearing apparel, and burned or destroyed the same. In the tenth paragraph of his complaint he alleges that, on the 24th day of February of said year, "the plaintiff. believing said defendants would execute their threats of personal violence and extortion, their demands and commands, and by violence and force compel him to surrender his property, and immediately and forcibly drive him from the country, and hoping to preserve and protect his property, and save himself from bodily indignity and injury, made a bill of sale of said newspaper and job-printing office to one R. C. Warne; but the plaintiff alleges that the said bill of sale was made without valid consideration, and was made under and by reason and virtue of threats of bodily injury and indignity, and forcible seizure of his property, made against the plaintiff by the said defendants"; and plaintiff claims to be the legal owner of said property. It will be observed that this alleged transfer of the printing-press property to Warne was two days prior to the alleged destruction of the property by the defendants.

The defendants and appellants contend, in support of their demurrer, that the plaintiff, having shown that he transferred

the title to the property prior to the alleged destruction, fails to show any right to recover for the value of the property so destroyed, and hence his complaint fails to state a cause of action. But we cannot agree with the contention of counsel, for the reason that the plaintiff alleges in his complaint other grounds of recovery, namely, that defendants destroyed the clothing, books, and private papers of the plaintiff, and the files of his newspaper. It does not appear from the tenth paragraph that he conveyed to Warne any of said last mentioned property, and hence, so far as it appears by the complaint, the plaintiff would be entitled to recover for that portion of the property so destroyed. It is also alleged in the complaint that the defendants unlawfully entered into said printing office, and a portion thereof occupied as a home by the plaintiff. It is clear, therefore, that the plaintiff, under the allegations of the complaint, would be entitled to recover damages independently of the damages resulting from the destruction of the newspaper and job printing office; and consequently the order of the circuit court overruling the demurrer must be sustained. This court held in Hudson v. Archer, 4 S. D. 128, 55 N. W. 1099, after a careful review of the authorities, that when a complaint states facts which would entitle the plaintiff to recover some damages, though they might be merely nominal, the complaint was good, as against a general demurrer, and that the amount that the plaintiff might recover as damages must be determined on the trial, under the pleadings and the evidence. See, also, 6 Enc. Pl. & Prac. p. 347, and cases cited.

The only question for us to determine being as to whether or not the order overruling the demurrer was correct, we do not deem it necessary, on this appeal, to pass upon the effect of

376   G. S. Congdon·H'rdw. Co. *v.* Con. Apex Min. Co.

Argument of Counsel.                    [11 S. D.

the alleged sale of said "newspaper and job-printing office" to Warne, and therefore express no opinion upon that question. The order of the circuit court is affirmed.