DAVID J. RIPLEY, Appellant, v. J. A. McCUTCHEON, Respondent.

(189 N. W. 104.)

Contracts — in enforcement of simple contract necessary to allege consideration.

1. In the enforcement of a simple contract, it is necessary to allege consideration.

Pleading — complaint alleging enforceable contract not subject to demurrer because alleging erroneous measure of damages.

2. A complaint, otherwise alleging a valid enforceable contract, is not subject to demurrer merely because it alleges an erroneous measure of damages.

Appeal and error — order overruling demurrer to one of several counterclaims appealable.

3. An order overruling a demurrer to one of several counterclaims is an appealable order.

Opinion filed June 26, 1922.

Appeal from an order overruling a demurrer to a counterclaim, in District court, McLean county, *Nuessle, J.*

*R. L. Fraser, J. A. Hyland* for appellant.

Under the decisions of our court it is too plain for argument that the damages claimed in such counterclaim are speculative, uncertain, indefinite, and fictitious, and no ground for cause of action. It is almost too clear for argument that the depreciation in the price of flax was not chargeable to the plaintiff. Paulson v. Sorenson, 33 N. D. 488, 157 N.

W. 473; Hayes v. Cooley, 13 N. D. 204, 100 N. W. 250; Lynn v. Sevey, 29 N. W. 420 L. R. A. 1916E 788, 151 N. W. 31.

Therefore the counterclaim did not plead a cause of action for damages. Lynn v. Sevey, supra; Hayes v. Cooley, supra.

*J. E. Nelson, E. T. Burke,* for respondent.

A litigant should not be permitted to appeal frequently in the same lawsuit. For this reason most of the states carry the simple provision that the order must affect a substantial right and be final. If a litigant can proceed with his lawsuit and save the point raised by his demurrer until a final appeal upon the merits, he should be required to do so. Kramer v. Heins et al. 158 N. W. 1061; Stimson v. Stimson, 152 N. W. 132; Ellis v. George et al. 175 N. W. 623; Boulger v. Northern Pac. Ry. 171 N. W. 632; Stimson v. Belle Fl. Stimson, 30 N. D. 78; Marquart v. Schaffner, 30 N. D. 342; Holebuck v. Schaffner, 30 N. D. 344.

BRONSON, J. The plaintiff brought action upon a promissory note. The defendant, in its answer, set up three counterclaims. The plaintiff demurred to the third counterclaim upon the ground that it did not state a cause of action. In substance, this counterclaim alleged that the plaintiff agreed with the defendant to haul all of the defendant's grain to market immediately after the same was threshed, in the fall of 1920; that the plaintiff failed, refused, and neglected to deliver such grain as agreed, but delayed hauling the same until late in the fall, when market prices of such grain had materially decreased, thereby damaging the defendant in the sum of $1,000. The trial court overruled the demurrer. The plaintiff has appealed. The plaintiff asserts that the damages claimed are speculative, and afford no cause of action; that the counterclaim alleges no consideration. The defendant maintains that the order overruling this demurrer is not an appealable order. The counterclaim has not been artistically drawn; only its substance has been stated. It wholly fails to plead any consideration. As consideration is essential to the enforcement of a simple contract, it is subject to demurrer. 6 R. C. L. 649; 13 C. J. 722.

The claim for damages, even though it be conceded to be erroneous, is not a ground for demurrer. The allegation of a valid, enforceable contract, and the breach thereof would constitute a cause of action, at least for nominal damages, upon a demurrer which admitted such facts.

Hudson v. Archer, 4 S. D. 128, 137, 55 N. W. 1099; Guild v. More, 32 N. D. 432, 451, 155 N. W. 44. The order herein involved is made appealable by statute. Sections 7841, 7452, C. L. 1913. However, we do not commend the appeal taken herein. All of the purposes of judicial expedition could have been better accomplished by a motion to make more definite. Perhaps through inadvertence consideration was not pleaded, and a failure to so plead overlooked by the trial court. The order of the trial court is reversed without costs.

BIRDZELL, C. J. and CHRISTIANSON, ROBINSON, and GRACE, JJ., concur.