### RUCKMAN v. PITCHER.

A person depositing his own money and that of others upon an illegal wager, can only recover against the stakeholder the portion belonging to himself.

The action under the statute of betting and gaming must be brought by the real depositor, although the name of another may have been used in making the wager.

The depositor is entitled to recover interest from the time of demanding it or of bringing his action, although it had previously been paid over by the stakeholder to the winner.

It is no defence, it seems, to the stakeholder or winner who has received the money, that it was paid or deposited in foreign bank bills, the circulation of which within this State is prohibited.

APPEAL from the Supreme Court. The action, which was commenced in 1843, was debt on the statute "of betting and gaming" for $3,000, had and received by the defendant, as stakeholder, for the plaintiff. The first trial in 1844 resulted in a verdict for the defendant, upon which he had judgment in the Supreme Court, which was reversed in this court, and a

2

new trial granted. (*S. C.*, 1 *Comst.*, 392.)   There was a second trial, on which the plaintiff recovered a verdict for $3,000. The Supreme Court, at general term in the first district, granted a new trial, unless the plaintiff should elect to reduce the judgment to the amount actually advanced by him out of his own funds, together with interest from the time of commencing the action.   The plaintiff refused to do so, and a third trial was had at the New York Circuit, before Mr. Justice CLERKE.   It was then proved that the plaintiff made a match with one Conklin to run the mare Lady Suffolk, on a private regulated course on Long Island, against the horse Americus; the plaintiff putting up $3,000 against $2,500 put up by Conklin.   The plaintiff and Conklin put those sums respectively into the hands of the defendant Pitcher as stakeholder.   Of the money deposited by the plaintiff but $600 belonged to himself, the residue having been contributed by various parties whom he had admitted to an interest in the match, and who had furnished the money to complete the stake.   The stake on Conklin's side was made up in the same way by the contributions of several.   Americus won, and Pitcher, with the plaintiff's assent, paid over the stakes to Conklin, who divided it among the betters on his side, returning to each the money he had advanced, together with $6 of winnings for each $5 they had respectively put up.   There was evidence tending to prove that the $3,000 staked by the plaintiff was in bills of every denomination from $1 to $100, and of the issue of various banks in this State, and in other States; much of it being of the latter character, uncurrent and at a discount. There was no direct evidence that more than $300 was in current money of this State.   The plaintiff requested the judge to charge the jury that he was entitled to recover, if at all, all the money which he deposited with the defendant, whether personally interested in it or not.   To the judge's refusal thus to charge, and to his charge that the recovery could only be for that part of the sum deposited by the plaintiff in which he was personally interested, the plaintiff took exceptions.

The defendant claimed that the burden was upon the plaintiff to show that he delivered or deposited money which was authorized by law to be circulated within this State, and requested the judge to charge that the recovery should be limited to the sum proved to have deposited in such currency, and he further requested a specific direction to exclude from the recovery such sum as the jury might find to have been paid in bills of foreign banks of a lower denomination than $5. The judge refused so to charge, and the defendant took an exception to each refusal. He also excepted to the charge that the plaintiff was entitled to interest from the time of commencing this action, upon the sum deposited in his own behalf. The plaintiff had a verdict for $600, and interest. Both parties moved for a new trial upon their respective exceptions. The Supreme Court, at general term in the first district, denied the motions of both parties, and affirmed the judgment entered upon the verdict. Both parties appealed to this court.

*John H. Reynolds*, for the plaintiff.

*William C. Noyes*, for the defendant.

COMSTOCK, J. When the case was before this court some eleven years ago (1 *Comst.*, 392), it was held, that the plaintiff could recover the money in controversy, although the defendant by his direction had paid it over to the party who had won the wager; that no demand was necessary before bringing the suit; and that other persons contributing to the sum which the plaintiff staked on the race need not be joined with him in the action. These were then the main points in the litigation, and the determination made upon them will not now be reconsidered.

Upon the trial which is now under review, it appeared that the $3,000 staked in the plaintiff's name upon the result of the race was contributed by various persons in different sums, the amount which the plaintiff himself furnished being only

$600; and he had a verdict for that sum with interest since the commencement of the suit. To the charge of the court, instructing the jury that he could recover no more than he contributed of his own money, an exception was taken; and this exception presents the only question on his present appeal.

We are of opinion that the ruling was correct. There is no pretence that the other contributors to the common purse loaned to the plaintiff the sum which they respectively advanced. The whole sum therefore never belonged to him, and there is no general principle of law in which he can sue for and recover it. In staking the $3,000 he was the agent of each of his associates to the extent of the interest which each severally had in the fund. But there is no rule of agency which entitles him to maintain the action for the sums which belonged to his principals. An agent may, in many cases, sue upon express contracts made with himself by name. In this case the right of action, so far as any general principle is involved, rests upon the implied duty of restoring the money lost in an illegal wager, the contract or wager itself being entirely void. But this implied assumpsit or duty arises only in favor of those to whom the money in fact belonged, and therefore cannot be enforced in the name of another person to whom the obligation is in no sense due.

If we look at the statute concerning "betting and gaming," we find nothing in its terms leading to a different conclusion. The language is that "any person, who shall pay, deliver or deposit any money, &c., may sue," &c. (1 *R. S.*, 662, § 9.) It would be a construction quite too literal and precise to hold that the person to whom the money or thing staked belongs, may not bring the action to recover it back, because there was another person through whom, as agent, the deposit was actually made. The contract being illegal and void no legal right to the sum or value wagered is acquired by the stakeholder or the winner; and the action would lie at the common law, but for the difficulties suggested by the maxim "*in pari delicto*," &c., or by the circumstance that the payment was

voluntary. (*Meech v. Stoner*, 19 N. Y., 26.)  The statute, in the
section referred to, has done little, if anything, more than to
remove these impediments in the way of a legal remedy for
the legal wrong of retaining from the owner money or pro-
perty the possession of which is thus acquired.  Restitution
is the policy of this enactment, and I feel quite clear in the
opinion that the Legislature did not design to withhold it
from the person really entitled to it, and give it to another
who may have no interest in the transaction.  The action
must therefore be brought in the name of the real depositor,
although the name of another person may be used in making
the wager.

The questions presented by the appeal of the defendant,
and which were not settled by the former decision of this
court, will next be considered.

It appeared at the trial that the $3,000 bet upon the race
was deposited with the defendant in bank bills of all denomi-
nations, and as the witness Ward expressed it, "on every bank
probably in the State and out of it."  It was not in evidence,
however, that any of the bills so deposited, issued by banks
out of this State, were of a denomination less than $5.  The
case therefore did not justify the request made of the judge
to charge the jury that the plaintiff could not recover in
respect to bank notes of that character.  The defendant
received the entire package of bank notes, amounting to $3,000,
as so much money, without any question being made at the
time that the entire sum was not paid to him in a lawful circu-
lating medium.  So far as it was proposed to defend this action
on the ground of the unlawfulness of the circulation in which
he received the stakes, it was incumbent on him to prove that
such was its character.  Evidence tending to show that the
sum was paid over in notes of all denominations issued by
banks in all the States, would not authorize the jury to find
that any particular part of the sum was so paid in the circula-
tion of foreign banks prohibited in this State.  We are also of
opinion that when a stakeholder or winner receives money
upon an unlawful wager, the action will lie upon the statute

to recover it back, although the sum may have been paid or deposited contrary to the statute prohibiting the circulation in this State of foreign bank notes of a less denomination than $5. If it had been true that both the plaintiff and the defendant violated the bank note statute referred to (*Laws of* 1830, *ch.* 295, § 1), it is nevertheless equally true that the transaction was within the statute against betting and gaming, and within that provision in particular which gives an action to enforce restitution of the sum or value unlawfully wagered. The defendant is sued under that provision, and I think it is plain that he cannot defend himself by alleging that the amount deposited in his hands was received by him in a kind of currency which he had no right to take.

The jury were instructed that the plaintiff was entitled to recover interest on the sum due to him, from the time of the commencement of the suit, and the verdict was given accordingly. This instruction we think was right. In the argument before us on behalf of the defendant the action was spoken of as penal, and on this ground the right to any interest was denied. But we answer such is not the nature of the demand. A plaintiff sues upon this statute simply to recover money or property which belongs to him because he has never parted with his right or title. ·(*Meech* v. *Stoner*, *supra.*) When the question is viewed in this light, the right to interest in this case from the time when the money was demanded by the commencement of the suit to recover it, is plain. It is true that the defendant paid the stakes over to the winner by the plaintiff's direction. But that direction was given in consummation of the illegal wager, and the defendant followed it at his peril. When it was held (1 *Comst.*, 292) that the plaintiff could recover at all in such circumstances, the right to interest followed from the time, at all events, when the principal sum was demanded. From that period, which in this case is marked by the commencement of the suit, the restitution due to the plaintiff has in judgment of law been unjustly withheld by the defendant, and that injustice the law compensates by the allowance of interest on the debt.

One or two other points were suggested on the argument by the defendant's counsel, but they were not pressed and they do not seem to require a particular notice.

The appeals by both of the parties must be overruled, and the judgment of the Supreme Court affirmed.

DENIO and GROVER, Js., inclined to the opinion that the stakeholder is liable to but one action, to be brought by the person actually making the deposit with him, for the whole amount of the stakes by whomsoever contributed. In other respects they concurred fully in the preceding opinion. SELDEN, J., did not hear the argument; all the other judges concurred without reservation.

Judgment affirmed with costs to each party, against the other, upon their respective appeals.