TONEY v. SNYDER.

1. Party: WAGER. A party acting for himself and others, in depositing with a stakeholder the amount of a wager, cannot recover in an action against the stakeholder more than the amount contributed by himself to the wager.

*Appeal from Black Hawk Circuit Court.*

MONDAY, DECEMBER 9.

ONE Peek made a wager with Wallace on the result of an election, and the money was placed in the hands of the

defendant, as stakeholder. To recover the money deposited by Peek is the object of this action. Whatever rights the latter had belong to the plaintiff as his assignee.

There was a trial by the court, a finding of facts, and judgment for the plaintiff. The defendant appeals.

*Hemenway, Polk & Thorp*, for appellant.

No appearance for appellee.

SEEVERS, J.—The amount of money placed in the hands of the defendant by Peek was thirty dollars, but only five dollars belonged to him. The remaining twenty-five dollars belonged to five other persons, they having contributed the same for the purpose of making the wager. The Circuit Court has given the certificate required by law, and has certified, under the rules, the following as presenting a question of law upon which it is desirable to have the opinion of this court: "Whether or not the party acting for himself and others, depositing the amount of a wager, can maintain in his own name an action against the stakeholder to recover back the money contributed and belonging to the parties for whom he acts, and whether or not he is limited in the amount of his recovery to the amount actually contributed by and belonging to him."

1. PARTY: wager.

It is provided by statute that "every action must be prosecuted in the name of the real party in interest, except as provided in the next section." Code, § 2543.

Peek had no interest in the money contributed by others. He was not liable to them therefor. The wager, to the amount contributed by each person, was the separate wager of each. Peek was the agent of each in making the deposit, but this did not give him the right to sue for and recover the same from the stakeholder.

The next section (2544) of the Code provides that a "party with whom or in whose name a contract is made for the benefit of another," may bring a suit thereon in his own name.

The difficulty under this section is that there was no contract. The whole transaction was absolutely void. We are, therefore, of the opinion the plaintiff cannot recover to any greater extent than the money belonging to Peek. This seems to have been the ruling in New York, in the absence of any statute requiring the action to be brought in the name of the real party in interest, *Ruckman v. Pitcher*, 20 N. Y. 9.

The defendant made a tender of the amount contributed by Peek, as we understand the abstract, and it is not, therefore, necessary to determine whether a demand was necessary or not.

REVERSED.