Harnden vs. Melby.

---

HARNDEN, by another, Respondent, vs. MELBY, Appellant.

*February 12 — March 5, 1895.*

*Wagers: Recovery of money from stakeholder.*

Under sec. 4532, R. S., authorizing the recovery of money deposited with a stakeholder upon a wager, and providing that if the depositor fails to sue therefor "any other person may, in his behalf and in his name, sue for and recover the same for the use and benefit of his family," etc., one who sues in the name of the depositor can recover only the amount which the latter contributed to the fund wagered, although the whole sum was deposited in his name.

APPEAL from a judgment of the circuit court for Trempealeau county: A. W. NEWMAN, Circuit Judge. *Reversed.*

This action was brought to recover from the defendant, the stakeholder, the sum of $100, wagered on the result of an election held November 8, 1892. The complaint states that a wager of $50 on each side was made by and between *Ziba Harnden* and Victor Kempter, October 25, 1892, each of the parties having deposited that sum with the defendant, a banker, as stakeholder, and that they made a further deposit with him of $50 each for the same purpose, November 1, 1892; and it was alleged that the money deposited by *Harnden* had been demanded from the defendant, and that he refused to pay it. The answer was a general denial.

The plaintiff called the defendant as a witness on his behalf, and he testified, in substance, that a bet was made in his presence between *Harnden* and Kempter of $50 that Harrison would be the next president, and that a certificate of deposit was issued, and it was stated, that $50 more should be deposited on or before November 1st; that on that day the deposit was increased accordingly; that the deposit was made in *Ziba Harnden's* name, and that he thought he deposited the money for himself, but would not be positive; that he was positive he handed the money to him; that the first $50 might have been paid to him by somebody else, but was certain *Harnden* handed him the second $50; that Mrs. Harnden demanded the money of him, and the other $100 he paid over to Kempter or Fertig, he did not remember which.

David Wood, on the part of the defendant, testified that he was present in the bank when money was put up on the bet, and went there, hearing that money was about to be wagered on the result of the election, to get information to challenge persons who might offer to vote; that Kempter, Scott, Reitzel, and Quackenbush were in, and the subject of the bet was discussed; that Kempter stood at the desk, and had $50 down on it, and asked the other parties whose name they would have the bet in; that they had not then put up

Harnden vs. Melby.

their money; that Kempter was addressing Reitzel; that they had some conference, and Kempter waited rather impatiently for the name they would have it in; that Quackenbush handed Reitzel a $5 gold-piece, and Reitzel passed it and a bank check to the defendant, *Melby;* that they had not then determined in whose name they would have the bet, and sent out and got *Harnden* in; that *Harnden* did not contribute anything to the $50; that *Melby* said the amount handed in by Reitzel was rather more than the amount bet, but the latter said they would arrange that later; that this occurred October 25, 1892. On cross-examination, he said he was there for a purpose and observed closely; that Scott appeared to be the leading spirit, and that Reitzel handled the money, and that he was not certain that *Harnden* was there when the money was passed over; that it was handed over before it was determined in whose name they would have the bet, and that he did not think *Harnden* touched the money; that he did not take anything from his pocket or produce anything to contribute to it; that he thought Reitzel handed the money in, but was not absolutely positive. "He first had the money when I saw it, and it was passed in from his hands, even if he handed it to some one else. He produced it."

On motion of the plaintiff's counsel the court directed a verdict in favor of the plaintiff for $100 and interest, and from a judgment thereon the defendant appealed.

For the appellant there was a brief by *E. C. Higbee* and *S. Richmond,* and oral argument by *Mr. Higbee.*

For the respondent the cause was submitted on the brief of *H. A. Anderson.*

PINNEY, J. This action was brought under the statute (R. S. sec. 4532) which provides that "Any person who . . . by betting or wagering on any game, election

Harnden vs. Melby.

. . . or on the issue or the event thereof, . . . shall have put up, staked or deposited with any stakeholder or third person any money, property or thing in action, or shall have lost and delivered the same to any winner thereof, may within three months after such putting up, staking or depositing, sue for and recover the same from such stakeholder or third person, whether such money, property or thing in action has been lost or won, or whether it has been delivered over by such stakeholder or third person to the winner or not; . . . and if he shall not so sue for and recover such money," etc., "within the time above limited, then *any other person may, in his behalf and in his name,* sue for and recover the same for the use and benefit of his family or his heirs, in case of his death, from such stakeholder or third person, if the same is still held by him, within six months after such putting up, staking or depositing."

This statute provides a remedy for the recovery of money illegally bet or wagered by the owner thereof, and, if he will not sue for it, by an action in his behalf, but in his name, by any other person, irrespective of the question whether he in point of fact made the wager õr whether the money was deposited in his name. The object of the statute is to secure a recovery of the money by the owner or in his name for the benefit of his family; and the owner of the money is, within the meaning of the statute, the real depositor of it. Like the New York statute (2 R. S. of N. Y. [4th ed.] p. 72, sec. 9), the action may be maintained by any one who has deposited any money, etc., on an illegal wager; and in that state it has been held that a party who deposits or stakes a sum of money on such a wager may recover so much thereof as belongs to himself, without joining in the action other persons who contributed specific portions of the fund. *Ruckman v. Pitcher,* 1 N. Y. 392. It is not material in whose name the money is bet or deposited. The

Harnden vs. Melby.

action is given to the owner or owners of it or on their behalf, if so bet or wagered on their behalf and with their privity or consent. When the same case was before the court of appeals on a subsequent occasion, it was held that a person depositing his own money and that of others upon an illegal wager could only recover against a stakeholder the proportion belonging to himself. The action must be brought by the real depositor, although the name of another may have been used in making the wager. *Ruckman v. Pitcher*, 20 N. Y. 9.

We regard the construction placed on the New York statute as manifestly applicable to our own statute on the same subject. The statute of this state, unlike that of New York, allows the action, in case the real depositor fails to sue for the recovery of the money lost or wagered within three months, to be brought and recovery had by any other person, in his behalf and in his name, within six months after it was bet or wagered, for the benefit of his family; but a person so bringing an action in the name of another can only recover the amount such other contributed to the fund illegally bet or wagered. In this case the action is by Elbra M. Harnden, in the name of the plaintiff, *Ziba Harnden;* and it is alleged in the complaint to be in his behalf and for the benefit of his family, and it was not brought for the money of any other person being a part or portion of the bet or wager. The evidence of *Harnden's* ownership of the money sued for is far from satisfactory. As to one half of the money deposited and wagered in his name, the evidence tends strongly to show that the real owner and depositor of it was Reitzel, and that *Harnden's* relation to it was to this extent merely nominal. The case should have been submitted to the jury, upon the evidence, to find what portion of the money bet or wagered was *Harnden's* money, and to give a verdict for that sum only. It was error to take this question from the consideration of the jury, and

to direct a verdict for the plaintiff for the entire sum bet or wagered.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.

NEWMAN, J., took no part.