STADLER, Appellant, vs. SMITH and another, Respondents.

*February 2 — February 21, 1899.*

*Garnishment: Money deposited on wager: Evidence.*

In garnishment proceedings, evidence that as to money deposited by the defendant with the garnishee the latter was stakeholder on a wager, and that the defendant had no beneficial interest therein but had acted as agent for another in making the deposit, was admissible as against the objection that the garnishee could not prove an illegal transaction as a foundation for a defense.

APPEAL from a judgment of the circuit court for Marathon county: CHAS. V. BARDEEN, Circuit Judge. *Affirmed.*

This action involves less than $100, and comes here upon certificate of the circuit judge. The facts certified are in substance as follows: *Stadler* had a valid judgment against *Smith* for $72.50, and issued execution thereon, and commenced garnishee proceedings under sec. 2753, R. S. 1878. Both *Smith* and the garnishee defendant, *Grout*, answered in the garnishee action, alleging that on the 23d of October, 1896, the defendant *Smith* and one Sennott each deposited $100 with *Grout*, as stakeholder, on a bet that McKinley would get 100,000 more votes than Bryan in Illinois, *Smith* having the affirmative side of the bet; but that *Smith* did not own the money bet, but made the bet simply as agent for one Milroy, and that Sennott acted simply as agent for another person. The garnishee further answered, alleging that Sennott, November 5, 1896, gave written notice to the bank of which *Grout* was cashier, releasing all claim which he had to the money deposited, and directing payment thereof to *Smith;* that McKinley did in fact receive 100,000 more votes than Bryan in Illinois; and that, before the garnishment action was commenced, Sennott notified the garnishee that he withdrew the release and declared the wager off, and demanded that he, the garnishee, return to him the $100 which he had deposited; and, further, that Milroy

Stadler vs. Smith and another.

claims the $100 deposited by *Smith*, and also the $100 deposited by Sennott, as winner of the wager. The garnishee submits the question of his liability to the court upon these facts.

The plaintiff's evidence showed that on October 23, 1896, *Smith* and Sennott came to the garnishee, and each left with him $100 in currency, which he placed in his own personal safety-deposit vault with a memorandum which he made at the time, and that he claims no interest in the money himself; that on November 6, 1896, there was delivered to him a written direction from Sennott, directed to the First National Bank, directing the bank to pay all of the money to *Smith;* that the reason that he kept the identical funds in his own deposit box, instead of depositing them to his own credit in the bank, was because *Smith* and Sennott told him that it was a bet, and that he was to hold it until the bet was decided. Upon cross-examination, the garnishee was allowed to testify, against objection and exception, to all the facts alleged in his answer, except as to the ownership of the money and Milroy's claim thereto. The garnishee and the defendant were allowed, as witnesses on their own behalf, and against the plaintiff's objection, to prove all the facts set up in the answer, showing that the money deposited was deposited upon the bet, and that the money put up by *Smith* in fact belonged to Milroy, and that put up by Sennott was deposited as agent for another. The trial court found that the money deposited by Sennott was not his money, and that the money deposited by *Smith* was the money of Milroy, and that *Smith* had no interest therein or in the result of the wager, and gave judgment for the garnishee.

The circuit judge certifies the following questions: " First, was the testimony showing that *Smith* and Sennott acted as agents for others, and had no beneficial interest in the money deposited by them in the hands of the garnishee, competent and proper to be considered by the court, under the circum-

stances stated? Second, was the testimony showing that the money deposited with the garnishee was deposited with him as stakeholder of said wager competent to be considered by the court, under the circumstances stated? Third, was the attempt of Sennott to withdraw the notice to the garnishee, and to declare the bet off, coupled with a demand for the money, sufficient in law to entitle him to a return of the money?"

For the appellants there were briefs by *Mylrea, Marchetti & Bird*, and oral argument by *C. B. Bird*.

For the respondents there was a brief by *Ryan, Hurley & Jones*, and oral argument by *T. C. Ryan*.

Winslow, J. If the garnishee was liable at all, it was because he had some of *Smith's* money in his hands or was indebted to *Smith*. R. S. 1878, sec. 2768. When the plaintiff had shown that there was money in the garnishee's hands which *Smith* had placed there, and which the garnishee did not himself claim to own, he rested his case, and strenuously objected to any proof tending to show that the money, though deposited by *Smith*, in fact belonged to Milroy, because he says the garnishee cannot prove an illegal transaction as a foundation for a defense.

The objection was properly overruled. The plaintiff stood in no better position than *Smith*. If Smith could not recover against *Grout*, then the plaintiff cannot recover. *Smith* could not recover of *Grout* the money which was bet by Sennott, because the statute prohibits such a recovery; he could not recover the money deposited by himself, because it belonged to Milroy, and this fact may always be shown. *Harnden v. Melby*, 90 Wis. 5. The plaintiff's objection to the evidence is based on, a misconception. Neither Smith nor *Grout* is trying to make title to the money by means of an illegal transaction; but the nature of the transaction is shown, not to enforce it or use it to found title upon, but,

in effect, to set it aside and show to whom the money by law belongs. No rule of evidence prohibits this.

The first two questions submitted are answered in the affirmative; and, as these answers dispose of the case, the third question is left unanswered.

*By the Court.*—It is so ordered, and the judgment is affirmed.

BARDEEN, J., took no part.