RAYMOND C. MOULTON, Appellant, v. THE WESTCHESTER
RACING ASSOCIATION and WILLIAM J. TORPIE, Re-
spondents.

(Supreme Court, Appellate Term, January, 1904.)

Action for money lost in betting on a racecourse sanctioned by the
State racing commission — Loser's intent to bet and sue if he lost
immaterial.

As L. 1895, ch. 570, § 17, penalizes betting on a horse race, held
on a racecourse operated at the time under the auspices of the
State racing commission authorized by the said statute, by the ab-
solute forfeiture by the winner of the money won and also gives
the loser a right to recover it of him in a civil action, it is erroneous
for the court to submit to the jury, upon the trial of such an action,
the question whether the loser went to the racecourse intending to
bet and further intending if he lost to sue the winner for the sum
lost, and instruct them that in such case the loser could not re-
cover, as the intention of the loser is immaterial in view of the
provisions of the statute and there is no room for the application
of the maxim *in pari delicto potior est conditio possidentis.*

APPEAL by plaintiff from a judgment of the Municipal
Court of the city of New York, tenth district, borough of
Manhattan, in favor of the Westchester Racing Association,
entered upon an order dismissing plaintiff's complaint as to
it, and from a judgment entered in the same action in favor
of the defendant Torpie, upon the verdict of a jury.

Howe & Hummel, for appellant.

Davies, Stone & Auerbach, for respondent racing associa-
tion.

Nicoll, Anable & Lindsay, for defendant Torpie.

FREEDMAN, P. J.    The judgment in favor of the West-
chester Racing Association was entered upon an order granted
at the end of plaintiff's case dismissing plaintiff's complaint
as to said racing association.    The proof adduced by plain-
tiff wholly failed to establish any bet made or recorded
directly or indirectly with said racing association, and the
complaint was, therefore, properly dismissed as to it.

As against the defendant Torpie the case was submitted to the jury who found a verdict for him, but the judgment entered in his favor upon such verdict cannot be sustained. It was shown and admitted that upon the racecourse of the Westchester Racing Association Torpie had made a bet with the plaintiff on the result of a race, and had received the money from the plaintiff. There was no evidence upon which it could be held or found that it was not the money of the plaintiff, but that some other party was the real party in interest in whole or in part. That being so, the decision in Ruckman v. Pitcher, 20 N. Y. 9, was inapplicable, and the plaintiff's motion for the direction of a verdict in his favor should have been granted, unless the trial justice was justified in submitting to the jury the question whether the plaintiff went to the racecourse with the intention to bet and then, if he lost, to bring an action to recover the amount lost. This question was submitted to the jury, and they were instructed in various ways to the effect that if the plaintiff went to the racecourse with the intention to bet upon the result of a race and, if he lost, to sue for the recovery of his money, he could not recover. The case was thus submitted to the jury under a misconception of the law applicable to it. Section 17 of chapter 570 of the Laws of 1895 is as follows: "Any person who, upon any race-course authorized by or entitled to the benefits of this act, shall make or record, directly or indirectly, any bet or wager on the result of any trial or contest of speed or power of endurance of horses taking place upon such racecourse, shall forfeit the value of any money or property so wagered, received or held by him, to be recovered in a civil action by the person or persons with whom such wager is made, or by whom such money or property is deposited. This penalty is exclusive of all other penalties prescribed by law for the acts in this section specified, except in case of exchange, delivery or transfer of a record, registry, memorandum," etc., etc.

Even if, as contended by the defendant Torpie, the case at bar is exclusively controlled by said section, because the bet was made upon a racecourse operated at the time under the auspices of a racing commission sanctioned by the stat-

ute, it will be readily seen that the section provides as a penalty the absolute forfeiture of money won on a bet or wager without any limitation. No title to the money passes to the winner and the right of action given to the loser is not narrowed as held by the trial justice. If his interpretation of the statute was correct, the very object of the statute in giving the right of action which is to suppress the vice of gambling would be practically defeated. The question relating to plaintiff's intention was, therefore, erroneously submitted to the jury.

Upon the evidence in· this case and the law applicable thereto it was error to deny plaintiff's motion for the direction of a verdict in his favor.

The judgment should be affirmed with costs as to the Westchester Racing Association, but on the appeal of the plaintiff from the judgment entered in favor of the defendant Torpie the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, J., concurs.

MACLEAN, J. (concurring).— In this action to recover (Laws of 1895, chap. 570, § 17), money lost by the plaintiff in a bet with the defendant Torpie on the horse " Squid " running unplaced on the defendant racing association's track at Morris Park, in this city, the complaint was justifiably dismissed as to the racing association for failure to prove any bet made or recorded directly or indirectly with the association.

Contrariwise the learned justice might without much murmur have directed a verdict against Torpie as it was soon proven, and after a little skirmishing conceded, that Moulton bet with·him on " Squid," paid him the money and lost the bet, and there was really no evidence upon which to hang a verdict for any one else in any action. Under· the decision in Ruckman v. Pitcher, 20 N. Y. 1, it was charged that the bet was made as a representative of Peter De Lacy; then the action should have been brought by Peter De Lacy. True enough, in Ruckman v. Pitcher it appeared, however, that of $3,000 deposited by the plaintiff various parties whom

the plaintiff had admitted to an interest in the match had contributed $2,400, and that to complete the stake he had furnished $600 for which latter, as the real party in interest, he had a verdict sustained all through. The suggestion that the real party in interest herein was one De Lacy and not the plaintiff was the sole excuse for submitting this cause to the jury. That was not proven. The interest requisite to the maintenance of an action is not sympathy or malice, not sentiment or desire, not pleasure in seeing the plaintiff recover or hope that recovery will embarrass the defendant or even advantage the person claimed to be the real party in interest, but such a relation to the demand and its recovery that upon judgment and consequent payment the cause of action will be barred. Nothing in the evidence would authorize a recovery by De Lacy. Everything said by De Lacy and Moulton contradicts a right to such a recovery. Testimony taken in court must be taken to mean something. Both Moulton and De Lacy said the former borrowed money from the latter. Moulton said the money bet on " Squid " was part of the money so borrowed. This left Moulton the owner of the demand and the only one to bring the action. No one could prove the contrary without the evidence of one or both, and both swore it was Moulton's money. Upon Moulton's recovery and subsequent reception by him of its payment from the judgment debtor or on his behalf, all right and cause of action arising against the defendant out of the transaction would be barred.

Furthermore it was charged in various forms, finally reduced to this, that if the plaintiff went there for the premeditated purpose of making a bet and bringing an action in case he lost, he could not recover. This was error. It was charged upon a contention inherently voiced upon the argument and voluminously expanded in the brief that a person may not join in the commission of a wrong, suffer and then claim compensation from him whom he has misled. The value of the money gotten by the winner being forfeit, the winner acquired no title to it, and for its recovery the loser is given a remedy by action as plainly in the section of the statute cited as if it were laid down in the Code of Civil Procedure.

This obviates application of the maxim *in pari delicto portior est conditio possidentis.*

Moreover the Legislature, in its wisdom, has appointed forfeiture of money wagered, with a recovery in a civil action, the sole sanction for the prohibition in a new Constitution (art. 1, § 9) of gambling of this sort, by the declaring, in the same section of the statute cited, that upon racetracks under the auspices, as is this, of the State Racing Commission, this penalty (forfeiture of wagers won) is exclusive of all other penalties prescribed by law for the acts specified, so that on such tracks, and on such only, the operation of section 352 of the Penal Code is suspended, and betting on horse racing is not, as elsewhere throughout the State, a public nuisance and a crime, *i. e.,* a wrong which the State notices as injurious to the public and punishes in what is called a criminal proceeding in its own name. Such a segregation of practices called in their recognition contrary to good morals is novel though not wholly new in this country.

It has been tried and abandoned in one State of the Union, and is said to be in vogue in the orient and elsewhere abroad as to a less namable occupation.

Whether such partial and limited suspension of a general law of the State be legitimate legislation within the province of a free government, which is " to govern by promulgated, established laws, not to be varied in particular cases, but to have one rule for rich and poor, for the favored at court and the countryman at the plow," need not be here considered. The errors already pointed out suffice for the reversal of the judgment as to defendant Torpie.

Judgment reversed as to defendant Torpie and a new trial ordered, with costs to appellant to abide the event, but affirmed as to defendant racing association, with costs.

GILDERSLEEVE and MACLEAN, JJ., concur.

Judgment reversed as to defendant Torpie and new trial ordered, with costs to appellant to abide event, but affirmed as to defendant racing association, with costs.